**In re FOXMEYER CORP., Foxmeyer Drug Co., Healthcare Transportation System, Inc., Merchandise Coordinator Services Corp., Foxmeyer Software, Inc., and Healthmart, Inc., Debtors.**

**FOXMEYER HEALTH CORP., Plaintiff,**

**v.**

**McKESSON CORP., Pfizer, Inc., Bristol–Myers Squibb Co., Glaxo Wellcome PLC, Eli Lilly and Co., Wyeth–Ayers Laboratories, Inc., Hoechst Marion Roussel, Inc., Schering–Plough Corp., Amgen, Inc., Smithkline Beecham Pharmaceuticals Co., Zeneca, Inc., Janssen Pharmaceutica, Inc., and Pharmacia & Upjohn, Inc., Defendants.**

Bankruptcy Nos. 96–1329 (HSB) to 96–1334(HSB).
Adversary No. 397–3052.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Aug. 27, 1997.

David M. Fournier, Pepper, Hamilton & Scheetz, L.L.P., Wilmington, DE, Daniel M. Lewis, Arnold & Porter, Washington, DC, Walker C. Friedman, Michael T. Cooke, Murray W. Camp, Friedman, Young & Suder, Fort Worth, TX, for Glaxo Wellcome, P.L.C.

Robert B. Anderson, McCarter & English, Wilmington, DE, Lisa S. Bonsall, McCarter & English, Newark, NJ, Douglas D. Broadwater, Cravath, Swaine & Moore, New York City, William D. Sims, Jr., Vinson & Elkins, L.L.P., Dallas, TX, Scott J. Atlas, Vinson & Elkins, L.L.P., Houston, TX, for Bristol–Myers Squibb Company.

Peter A. Franklin, III, Locke Purnell Rain Harrell, Dallas, TX, Robert S. Burrick, Pitney, Hardin, Kipp & Szuch, Morristown, NJ, for Schering–Plough Corporation.

Jay Jaffe, Baker & Daniels, Indianapolis, IN, David Stratton, Pepper, Hamilton & Scheetz, L.L.P., Wilmington, DE, John H. Marks, Jr., Liddell, Sapp, Zivley, Hill & Laboon, L.L.P., Dallas, TX, Patricia L. Jones, Patricia Williams Prewitt, Lidell, Sapp, Zivley, Hill & Laboon, L.L.P., Houston, TX, for Eli Lilly and Co.

Paul J. Brennan, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, David R. McAtee, Scott R. Jacobs, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, TX, for American Home Products Corp.

John B. Wyss, Wiley, Rein & Fielding, Washington, DC, Lee M. Simpson, Kurt A. Schwarz, Cohan, Simpson, Cowlishaw & Wulff, L.L.P., Dalas, TX, for Pfizer, Inc.

Mark E. MacDonald, Baker & McKenzie, Dallas, TX, for Amgen, Inc.

David E. Everson, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Hoechst Marion Roussel, Inc.

William F. Cavanaugh, Jr., Patterson, Belknap, Webb & Tyler, New York City, for Janssen Pharaceutica, Inc.

Joel H. Levitin, Dechert Price & Rhoads, New York City, Stephanie A. Smith, Fulbright & Jaworski, L.L.P., Austin, TX, Dan D. Davison, Fulbright & Jaworski, L.L.P., Robert A. Baime, Dechert Price & Rhoads, New York City, for SmithKline Beecham Corporation.

D. Scott Wise, Vincent T. Chang, Davis Polk & Wardwell, New York City, Joe B. Harrison, William G. Whitehill, Gardere & Wynne, L.L.P., Dallas, TX, for Zeneca, Inc.

James G. Vantine, Jr., Erich H. Hintzen, Miller, Canfield, Paddock and Stone, P.L.C.,

Kalamazoo, MI, for Pharmacia & Upjohn Company.

Anthony W. Clark, Karen M. Babb, Skadden, Arps, Slater, Meagher & Flom, L.L.P., Wilmington, DE, Robert H. Mow, Kim Askew, James D. McCarthy, Craig W. Budner, Hughes & Luce, L.L.P., Dallas, TX, Jay J. Madrid, Madrid & Brooks, P.C., Dallas, TX, for McKesson Corporation.

Jay W. Eisenhofer, Megan D. McIntyre, Grant & Eisenhower, Wilmington, DE, William A. Brewer, III, Michael J. Collins, Michael L. Gaubert, Bickel & Brewer, Dallas, TX, for Avatex Corporation f/k/a FoxMeyer Health Corporation.

Steven K. Kortanek, Phillips, Goldman & Spence, Wilmington, DE, Bart Brown, Jr., Chapter 7 Trustee, c/o David Rosner, Kasowitz, Benson, Torres & Friedman, New York City, for Chapter 7 Trustee of FoxMeyer Corporation, FoxMeyer Drug Company, Health Care Transportation System, Inc., Merchandise Coordinator Services Corp., FoxMeyer Software, Inc., and HealthMart, Inc.

Bruce S. Sostek, Thompson & Knight, APC, Dallas, TX, for Janssen Pharaceutica, Inc., Hoechst Marion Roussel, Inc.

## *MEMORANDUM OPINION AND ORDER*

STEVEN A. FELSENTHAL, Bankruptcy Judge.

McKesson Corp., et al., defendants, move the court to transfer venue of this adversary proceeding to the District of Delaware. The plaintiff, FoxMeyer Health Corporation, opposes the motion and, instead, moves the court to remand the action to the 95th Judicial District Court of Dallas County, Texas. McKesson and other defendants request that the motion for remand or abstention be transferred to the District of Delaware for decision.

Bart A. Brown, Jr., the Chapter 7 trustee of the bankruptcy estates of FoxMeyer Corp. and other debtors, moves to intervene under Fed. R. Bankr.P. 7024 and Fed.R.Civ.P. 24.

### Background

On August 27, 1996, FoxMeyer Corp. and other debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware. On October 3, 1996, less than forty days later, FoxMeyer Health, the debtors, and McKesson entered an asset purchase agreement. The bankruptcy court entered an order on November 8, 1996, authorizing the purchase of substantially all of the debtors' assets by McKesson Corporation. This court refers to that order as the sale order.

In January 1997 FoxMeyer Health filed a lawsuit in Texas alleging that McKesson and the other debtors defrauded, conspired against, and otherwise significantly harmed it. (According to the trustee, FoxMeyer Health may now be known as Avatex Corp. The papers filed by FoxMeyer Health do not confirm this name change.) The lawsuit alleges that McKesson abused confidential business information obtained from FoxMeyer Drug Company and FoxMeyer Corp. in an effort to undermine their businesses. FoxMeyer Health alleges that McKesson and other defendants conspired to reduce FoxMeyer Drug's ability to acquire pharmaceutical products on normal and customary credit terms. The complaint alleges that McKesson's activities in concert with other defendants lead to the demise and bankruptcy filing of FoxMeyer Drug and FoxMeyer Corp. These activities allegedly diminished the value of FoxMeyer Health's interest in the debtors. FoxMeyer Health seeks damages in excess of $400 million.

On February 3, 1997, the same day the defendants (except American Home Products Corp.) filed their answers to the complaint, the defendants also filed a notice of removal of the action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and 28 U.S.C. § 1441. By standing order, the District Court referred the complaint to this bankruptcy court on February 4, 1997. On February 7, 1997, the defendants filed their motion to transfer venue. On February 10, 1997, American Home Products Corp. filed its answer to FoxMeyer Health's original petition. (Wyeth–Ayerst Laboratories, named in the complaint as a defendant, is an unincorporated division of American Home Products Corp.) On March

7, 1997, FoxMeyer Health filed its motion to remand.

Apparently, on September 9, 1996, one official committee for unsecured creditors had been appointed for the debtors' estates. On February 26, 1997, that committee filed an adversary proceeding in the Delaware bankruptcy court, seeking (i) a declaration that the causes of action alleged by FoxMeyer Health are property of the debtors' estates, (ii) a declaration that commencement and continuation of litigation by FoxMeyer Health violated the automatic stay, and (iii) a permanent injunction enjoining the continuation of the litigation by FoxMeyer Health. The bankruptcy court entered an order on March 18, 1997, permitting McKesson to intervene as plaintiff in the litigation filed by the creditors' committee. In that action, McKesson seeks a declaratory judgment that the claims asserted by FoxMeyer Health in the Texas litigation had been purchased by McKesson pursuant to the asset purchase agreement on November 8, 1996.

On March 18, 1997, the Delaware bankruptcy court converted the debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. The bankruptcy court stayed all proceedings in the Chapter 7 cases and in the declaratory judgment action until the appointment of a permanent trustee. The Delaware court also enjoined the litigants in this complaint from arguing the merits of the motion to transfer venue and the motion to remand in the Northern District of Texas until the appointment of a permanent Chapter 7 trustee.

This court had scheduled a hearing on the motion to remand and the motion to transfer venue on April 2, 1997. As a result of the Delaware court's injunction against the litigants, this court continued the hearings to May 14, 1997. But, on May 14, 1997, the parties continued to be restrained by the Delaware court. This court canceled the hearings and carried the motions on its docket to be decided on the written record. On April 24, 1997, the creditors elected the trustee. On May 19, 1997, the Delaware bankruptcy court confirmed the trustee's election and on May 27, 1997, entered an order appointing Bart A. Brown, Jr., as the permanent trustee in the Chapter 7 cases. The parties have not provided this court with an order substantively consolidating the bankruptcy cases. The record reflects that since August 27, 1996, the cases have been procedurally consolidated for joint administration. This court understands that Brown serves as trustee for the Chapter 7 estates pursuant to order of the Delaware court. On July 25, 1997, he filed his motion to intervene.

### Intervention

The trustee moves to intervene pursuant to Fed.R.Civ.P. 24, made applicable by Bankruptcy Rule 7024. If FoxMeyer Health is alleging claims belonging to the bankruptcy estate of FoxMeyer Corp. or FoxMeyer Drug Co., then the trustee must become the party plaintiff. If the claims had been transferred to McKesson or precluded by the sale order, then the trustee should be a party to facilitate the resolution of this litigation. If Foxmeyer Health may prosecute the claims, then the trustee should be a party to represent the interests of FoxMeyer Corp. and FoxMeyer Drug Co. regarding the pending motions. Under any of these alternative scenarios, the trustee must be a party to adequately represent the interests of the bankruptcy estates. The trustee timely filed his motion to intervene within two months of his appointment and qualification. For these reasons, the trustee's motion to intervene is granted.

### Venue

A "proceeding under title 11" may be transferred to a district court from another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. For a proceeding arising in or related to a case under title 11, the general provisions of 28 U.S.C. § 1404(a) apply. Under that section, a proceeding may be transferred "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

These statutes require that the court consider the availability of witnesses, the convenience for the parties, the location of counsel, the location of books and records,

the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice, and the plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Empresa Lineas Maritimas Argentinas S.A. v. Schichau–Unterweser,* 955 F.2d 368, 372–75 (5th Cir.1992); *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *In re Southmark Corp.,* 113 B.R. 269 (Bankr.N.D.Tex.1989). The movants have the burden of persuading the court to exercise its discretion to transfer venue. *See In re Manville Forest Products Corp.,* 896 F.2d 1384, 1390 (2nd Cir.1990); *Time, Inc.,* 366 F.2d at 698. Because federal court jurisdiction is premised on 28 U.S.C. § 1334, the efficient and economic administration of the bankruptcy cases must be considered. Presumptively, civil adversary proceedings should be venued with the underlying bankruptcy case. *See Manville Forest Products Corp.,* 896 F.2d at 1390; 1 *Collier on Bankruptcy Fifteenth Ed. Rev.* ¶ 4.04[1].

FoxMeyer Health contends that this court lacks jurisdiction. The defendants and the trustee counter that not only does this court have jurisdiction, but that the complaint involves a core matter under 28 U.S.C. § 157. The defendants and the trustee argue, therefore, that this court should analyze venue under the standards of 28 U.S.C. § 1412.

The Delaware bankruptcy court will resolve the jurisdiction issue in the litigation currently pending in that court. In that litigation, the Delaware court will determine whether FoxMeyer Health has alleged claims for relief belonging to one of the debtor's bankruptcy estates and, if so, whether FoxMeyer Health has violated the automatic stay of 11 U.S.C. § 362. But, even if one of the bankruptcy estates owns the claims, the claims do not involve a core matter. The claims do not arise under Title 11; they exist irrespective of any bankruptcy case.

If the Delaware court determines that the claims belong to one of the bankruptcy estates, then, obviously, this court has jurisdiction under 28 U.S.C. § 1334. The trustee

has been granted leave to intervene as plaintiff to litigate or otherwise resolve the claims.

The defendants also contend that the Delaware court's order granting the motion to sell precludes this litigation. That issue is also pending before the Delaware court. The parties to this adversary proceeding are parties in the Delaware litigation addressing the preclusive effect of the sale order.

Should the Delaware court conclude that the claims are not property of any of the bankruptcy estates and that the sale order does not preclude this litigation, a federal court would lack jurisdiction over this matter under 28 U.S.C. § 1334, requiring a remand to state court. Should the Delaware court conclude that the claims constitute property of the estate, then this court would have jurisdiction. Should the Delaware court conclude that the sale order precludes this litigation, then, necessarily, the claims alleged in this litigation would have had a conceivable effect on the bankruptcy cases, giving this court "related to" jurisdiction. Should the Delaware court conclude that FoxMeyer Health has its own causes of action in addition to similar causes of action held by the debtors, then this court would have "related to" jurisdiction because the litigation, with the trustee as a party, could have a conceivable effect on the bankruptcy cases.

■ A court has jurisdiction to determine its jurisdiction. *Habetz v. Louisiana High School Athletic Assoc.,* 915 F.2d 164, 167 (5th Cir.1990), *citing Familia De Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1137 (5th Cir.1980), *cert. denied,* 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981). For purposes of the venue motion, the court has jurisdiction to proceed. The court will revisit the issue of jurisdiction after the Delaware court renders its decision concerning property of the estate and the preclusive effect of the sale order.

■ The defendants contend that the efficient and economic administration of the bankruptcy estates compels that this proceeding be transferred to Delaware. They argue that the debtors, FoxMeyer Health's subsidiaries, chose the Delaware venue for their bankruptcy cases and that FoxMeyer

Health cannot avoid that court by commencing litigation in Texas. The trustee joins that argument. The defendants contend that FoxMeyer Health must be attempting an "end run" around the Delaware court. But the argument lacks persuasive value. If FoxMeyer Health attempted an "end run" by directing its subsidiaries to file their bankruptcy cases in Delaware and then litigate here, with the debtors now in Chapter 7, FoxMeyer Health got tackled behind the line of scrimmage. There does not appear to be much value in the Chapter 7 cases for equity. But, more to the point, this court can apply the decisions of the Delaware court respecting the bankruptcy cases, i.e., property of the estate, automatic stay and sale order preclusive effect. The trustee is a party to prosecute any cause of action belonging to the bankruptcy estates. But if the estates do not own the causes of action and they are not precluded by the sale order, then litigation in Texas will have no impact on the efficient and economic administration of the bankruptcy case.

The situation is ironic. The debtors travel halfway across the continent to liquidate rather than halfway across town. Yet the defendants and the trustee contend that this non-core litigation must follow that journey. However, a party in interest may have convinced the Delaware court that the journey inconvenienced the parties. *See In re Southmark Corp.,* 113 B.R. at 274, *et seq.* At the date of the bankruptcy petitions, the stipulations and declarations filed with this court establish that the debtors' principal places of business were in Dallas County, Texas. Their books and records were in Dallas County, Texas. Their economic and financial center or hub was in Dallas County, Texas. The majority of witnesses were in Dallas County, Texas. Their assets were operated or controlled in Dallas County, Texas. Liquidation would have proceeded most efficiently from Dallas County, Texas. Creditors were located throughout the country, which means that Dallas was as convenient, on balance, as any other forum.

Nevertheless, this court assumes that Delaware is a proper venue for the underlying bankruptcy cases under 28 U.S.C. § 1408 and for this complaint under 28 U.S.C. § 1409, subject to the pending jurisdiction decision. The court must therefore assess the various factors implicit in the standards of §§ 1404 and 1412. The parties have submitted the matter on stipulations and sworn declarations.

FoxMeyer Health is a Delaware corporation with its principal place of business in Dallas County, Texas. FoxMeyer Health, the plaintiff, chose Dallas County for this litigation.

FoxMeyer Health contends that the litigation will be decided by Texas law. The defendants do not concede that point. Rather, they argue that Delaware law controls. The governing law, therefore, is an open question.

Except for HealthMart, Inc., all the debtors are Delaware corporations with their principal places of business in Dallas County, Texas. HealthMart is a Colorado corporation with its principal place of business in Dallas County, Texas. At the time of the filing of their bankruptcy cases in Delaware, their books and records were located in Dallas County, Texas. The debtors are represented by Weil, Gotshal & Manges, a firm with a national bankruptcy practice and a Dallas office.

The record does not establish that Delaware is a more convenient forum for the trustee than Dallas. The court infers that Dallas is as convenient for him as Delaware. The trustee has employed counsel with offices in Houston, Texas, and in New York. Dallas is as convenient to reach from Houston as Wilmington is from New York.

The declarations identify 20 potential witnesses, either individuals or professional firms or institutions. Seven of the individual witnesses are located in the Dallas, Texas, metroplex. The accounting firm has a Dallas office, with the auditors located in Dallas. The financial institution identified has a Dallas office, as well as New York. The two investment banking firms are located in New York. One individual witness is in New York. Two individual witnesses' locations are not included in the declarations. The other witnesses are in Illinois, Ohio, Virginia and

Washington, D.C. None of the witnesses are in Delaware. Of the witnesses not in the Dallas metroplex, the witnesses in New York and in Washington, D.C., would find a Delaware forum more convenient than Dallas but the others would find Dallas just as convenient if not more convenient. The convenience of the witnesses, as a whole, favors Dallas.

The defendants have various states of incorporation with their principal business locations in various states, but none in Dallas. One has its principal place of business in Delaware, two in New York and two in New Jersey or Connecticut. One is in Philadelphia. For those six defendants, Delaware would be the more convenient forum. For the other 12 defendants, Dallas would be as convenient if not more convenient than Wilmington. Several of them have distribution centers or regional offices or administrative offices in the Dallas metroplex. McKesson occupies the debtors' former offices in Dallas County. Although the corporate representatives for the defendants dutifully executed affidavits that Delaware would be the more convenient forum, except for the six identified above, those statements are not credible. None of them have books or records in Delaware. All would have to travel. Travel from California or Indiana or North Carolina, for example, to the courthouse in Dallas via the Dallas Forth Worth International Airport and taxicabs should be more convenient than travel to Wilmington. Except for Pharmacia & Upjohn, all the defendants have Dallas counsel. Pharmacia & Upjohn has Michigan counsel who will travel to either Dallas or Wilmington. All of the defendants who did business with one of the debtors invoiced the debtors at their Carrollton, Texas, office. Their employees who dealt with the debtors addressed their communications to Dallas County, Texas. The debtors generated payment on the invoices from their Carrollton, Texas, location. On balance, Dallas is a more convenient forum for the defendants than Delaware.

The court finds that Dallas is a more convenient forum, on balance, for the parties.

The court cannot assess from the stipulations and declarations the possibility of delay if the proceeding is transferred. The court does not have information concerning the Delaware court's docket, except for the order of the Chief Judge of the District of Delaware, dated January 23, 1997, finding a significant increase in the number of bankruptcy cases in the district necessitating district court participation in the handling of the cases. The court does not have information concerning the Texas state court's docket. This court, however, can arrange its docket to accommodate a trial as soon as the parties are ready.

The stipulations and declarations do not indicate any prejudice to any party whether the proceeding is transferred or not.

In summary, this proceeding need not be transferred to Delaware for reasons of the efficiency and economy of the administration of the debtors' bankruptcy cases. This court will apply the decisions of the Delaware court on the issues of property of the estate and sale order preclusion, currently being litigated in that court. The convenience of the parties favors, on balance, a Dallas forum. The convenience of the witnesses favors, on balance, a Dallas forum. The parties will not be prejudiced by litigating in either forum. The litigation will not be delayed if it remains in this court. No factor impacting the interest of justice balances in favor of a transfer of venue. The movants have not met their burden. For these reasons, the motion to transfer venue is denied.

### Remand

Based on the analysis of the venue motion, FoxMeyer Health's motion to remand may be succinctly addressed. In deference to the sound and efficient administration of the bankruptcy cases, this court will defer to the Delaware bankruptcy court concerning the issues of whether FoxMeyer Health is asserting claims belonging to the bankruptcy estates or whether the bankruptcy court's sale order precludes this litigation. FoxMeyer Health concedes that the debtors may have causes of action of their own, similar to the causes of action raised by FoxMeyer Health.

If the Delaware bankruptcy court concludes that the claims alleged by FoxMeyer

Health are not property of the bankruptcy estates and not precluded by the sale order, then the motion to remand will be granted. If the Delaware bankruptcy court concludes that the claims are property of one of the bankruptcy estates or that the bankruptcy estates own similar causes of action remaining after the sale order, then this court will hold a hearing on the motion to remand to give the parties, including the trustee as party plaintiff, a further opportunity to be heard. If the Delaware bankruptcy court concludes that its sale order precludes this litigation, this court will entertain a motion to dismiss with prejudice.

### Orders

Based on the foregoing,

**IT IS ORDERED** that the motion of Bart A. Brown, Jr., the Chapter 7 trustee, to intervene is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to transfer venue is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to remand or, alternatively, to abstain is carried on this court's docket.