In re FOXMEYER CORP., Foxmeyer Drug Co., Healthcare Transportation System, Inc., Merchandise Coordinator Services Corp., Foxmeyer Software, Inc., and Healthmart, Inc., Debtors.

Foxmeyer Health Corp., Plaintiff,

Bart A. Brown, Chapter 7 Trustee, Intervenor–Plaintiff,

v.

McKesson Corp., Pfizer, Inc., Bristol–Myers Squibb Co., Glaxo Wellcome PLC, Eli Lilly and Co., Wyeth–Ayers Laboratories, Inc., Hoechst Marion Roussel, Inc., Schering–Plough Corp., Amgen, Inc., Smithkline Beecham Pharmaceuticals Co., Zeneca, Inc., Janssen Pharmaceutica, Inc., and Pharmacia & Upjohn, Inc., Defendants.

Bankruptcy Nos. 96–1329 HSB to 96–1334 HSB.
Adversary No. 397–3052–SAF.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Nov. 19, 1998.

Bickel & Brewer, by Mr. Michael Collins and Mr. Kennedy Barnes, Dallas, Texas, for Avatex Corporation.

Kasowitz, Benson, Torres & Friedman, L.L.P, by Ms. Lorie R. Beers, New York City, for Bart A. Brown, Chapter 7 Trustee.

Hughes & Luce, L.L.P., by Mr. Danny S. Ashby, and Mr. Jim McCarthy, Dallas, Texas, for McKesson.

Arnold & Porter, by Mr. Daniel M. Lewis, Washington, D.C., for Glaxo, Inc.

Locke Purnell Rain Harrell, by Mr. Peter A. Franklin, III, Dallas, Texas, Pitney Hardin Kipp & Szuch, by Mr. Robert S. Burrick, Florham Park, New Jersey, for Schering–Plough Corporation.

Liddell, Sapp, Zivley, Hill & LaBoon, L.L.P., by Ms. Patricia Williams Prewitt and Mr. Jay Jaffe, Houston, Texas, for Eli Lilly.

Cohan, Simpson, Cowlishaw & Wulff, L.L.P., by Ms. Lee M. Simpson, Dallas, Texas, for Pfizer.

Thompson & Knight, by Ms. Laura Peterson Elkind, Dallas, Texas, for Janssen and Hoechst Marion.

Miller, Canfield, Paddock and Stone, by Mr. James G. Vantine, Jr., Kalamazoo, Michigan, for Pharmica and Upjohn Company.

McCarter & English, L.L.P., by Ms. Lisa W.S. Bonsall, Newark, New Jersey, Vinson & Elkins, L.L.P., by Mr. Russell L. Reid, Jr., Dallas, Texas, for Bristol–Myers Squibb.

Gardere & Wynne, L.L.P., by Mr. Holland N. O'Neil, Dallas, Texas, for Zeneca, Inc.

Skadden, Arps, Slate, Meagher & Flom, L.L.P., by Mr. Anthony W. Clark., Wilmington, Delaware, for McKessen Corporation.

Akin, Gump, Straussauer & Feld, L.L.P., by Mr. David F. Stabler, Dallas, Texas, for Wyeth–Ayerst Laboratories.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Avatex Corporation, f/k/a FoxMeyer Health Corporation, moves the court to remand this matter to the 95th Judicial District Court of Dallas County, Texas. Bart A. Brown, Jr., the intervenor plaintiff and the Chapter 7 trustee of the bankruptcy estates of FoxMeyer Corporation, et al., and the defendants oppose the motion. The court conducted a hearing on the motion on October 16, 1998.

In January 1997 Avatex filed a lawsuit in Texas alleging that McKesson and the other defendants defrauded, conspired against, and otherwise significantly harmed it. The lawsuit alleges that McKesson abused confidential business information obtained from Fox-

Meyer Drug Company and FoxMeyer Corp. in an effort to undermine their businesses. Avatex alleges that McKesson and other defendants conspired to reduce FoxMeyer Drug's ability to acquire pharmaceutical products on normal and customary credit terms. The complaint alleges that McKesson's activities in concert with other defendants lead to the demise and bankruptcy filing of FoxMeyer Drug and FoxMeyer Corp. These activities allegedly diminished the value of Avatex's interest in the debtors. Avatex seeks damages in excess of $400 million.

On February 3, 1997, the defendants filed a notice of removal of the action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027 and 28 U.S.C. § 1441. By standing order, the district court referred the complaint to this bankruptcy court. On February 7, 1997, the defendants filed a motion to transfer venue of this complaint to the United States District of Delaware where the FoxMeyer Corp., et al., bankruptcy cases are pending. On March 7, 1997, Avatex filed its motion to remand. On July 27, 1997, Brown filed his motion to intervene.

By order entered August 27, 1997, this court granted Brown's motion to intervene, denied the motion to transfer venue and carried the motion to remand pending further developments in the Delaware bankruptcy court. *In re FoxMeyer Health Corp.*, 217 B.R. 511 (Bankr.N.D.Tex.1997).

In Delaware, the Official Committee of Unsecured Creditors of FoxMeyer Corporation commenced an adversary proceeding to determine whether the claims asserted by Avatex in this complaint belonged to the bankruptcy estates, making the Avatex prosecution of the claims a violation of the automatic stay of 11 U.S.C. § 362. McKesson intervened and filed a motion for partial summary judgment asserting that Avatex had alleged claims belonging to the bankruptcy estates. McKesson also filed a motion for summary judgment on the grounds that the claims raised by Avatex, whether belonging to Avatex or the trustee, had been precluded by proceedings in the bankruptcy court. By

794

order entered July 9, 1998, the Delaware court determined that claims 7, 8 and 9 belonged to the bankruptcy estates and directed that Avatex file necessary pleadings to dismiss the claims as to Avatex but not as to the trustee. On October 6, 1998, Avatex moved this court to dismiss the claims as relating to Avatex but not as to the trustee. By order entered October 8, 1998, this court dismissed the claims as alleged by Avatex but retained them to the extent alleged by the trustee.

The Delaware court then assessed whether the remaining claims alleged by Avatex belonged to Avatex or the bankruptcy estates. By letter opinion dated August 24, 1998, the Delaware court denied McKesson's motion for partial summary judgment, holding that a determination of ownership of the claims could not be made on the then state of the record in Delaware. The court observed that as to counts 1, 2, 3, 4, 5 and 10, the bankruptcy estate may have a claim but that the court could not determine that Avatex may not also have its own direct claim. The court concluded:

In summary, I think McKesson's partial summary judgment motion comes too soon. Precisely what Avatex will be able to prove in the Texas action is not yet known. What is important procedurally at this juncture is that all the entities with a potential interest in the outcome of the Texas action—McKesson, the other manufacturing defendants, Avatex, and the Chapter 7 Trustee—are parties to that action. Each party can protect its interests in that action. At the culmination of these proceedings, McKesson may ultimately be correct that the only damages actually proved belong to the Trustee.(footnote omitted)

While the parties may have been focusing upon the partial summary judgment motion, it seems to me they should return their attentions to Texas, and move that proceeding forward as much as possible. I see no reason why the Texas action should be delayed any longer than necessary.

I am fully aware that McKesson further believes, for a separate set of legal reasons not discussed in this letter opinion, that all

of the claims raised in the Texas action cannot be brought against it. There is a fully briefed summary judgment motion addressing those legal issues. That summary judgment motion will be considered another day. Unless that motion is granted, the Texas action should go forward now, not at some time in the future.

Letter opinion dated August 24, 1998, at 7–8.

Thereupon, this court conducted its hearing on the Avatex motion to remand on October 16, 1998. At the conclusion of the hearing, the court, with the parties, crafted a scheduling order, which the court entered on November 5, 1998. Copy attached.

By order dated November 12, 1998, the Delaware court denied McKesson's preclusion motion against the trustee without prejudice. By separate order dated November 12, 1998, the Delaware court granted in part and denied in part without prejudice McKesson's preclusion motion against Avatex. The Delaware court judicially estopped Avatex from asserting claims 1, 2 and 3 against McKesson and the other defendants. This court will thereupon dismiss claims 1, 2 and 3 as alleged by Avatex but retain them to the extent alleged by the trustee.

On November 13, 1998, the trustee filed a joinder pursuant to Fed.R.Civ.P. 19(a) in the original petition filed by Avatex. The trustee contends, in the joinder, that the allegations contained in the complaint, if proven, state claims for relief upon which the bankruptcy estates would be entitled to recover. The trustee further contends that the factual allegations contained in the complaint, if proven, establish that the bankruptcy estates have been harmed by the defendants' conduct. Accordingly, the trustee joined in the complaint.

A removed state court lawsuit must be remanded if a federal district court could not have asserted original jurisdiction had the state court action initially been brought in federal court. See 28 U.S.C. § 1441(a). Removal would only be appropriate if the action is one "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331 and 1441(b). A party may remove a cause of action to a district court if

the district court has jurisdiction of the cause of action under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). The trustee's and the defendants' assertion of federal question removal jurisdiction will rise or fall on the allegations in the well-pleaded complaint, that is, on whether there appears on the face of the complaint some substantial, disputed question of federal law. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). The trustee and the defendants must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) (Cardozo, J.).

After the dismissal of counts 7, 8 and 9, Avatex contends that its complaint raises only state law claims for relief, completely unrelated to any basis for bankruptcy jurisdiction under 28 U.S.C. § 1334. The trustee and the defendants counter, however, that Avatex alleges derivative claims belonging to the bankruptcy estates, over which the federal court would have "related to" bankruptcy jurisdiction, and that the determination of whether the claims belong to the bankruptcy estate under 11 U.S.C. § 541 raises a core matter arising under the Bankruptcy Code.

The court begins its analysis by assuming, for the moment, that the trustee was not a party plaintiff. Under that circumstance, on its face, the success of Avatex on the complaint would have no conceivable effect on the FoxMeyer bankruptcy estates. As a result, the federal court would have no jurisdiction under the Bankruptcy Code. *Wood v. Wood*, 825 F.2d 90 (5th Cir.1987). Under that circumstance, the defendants could have raised, by affirmative defense or on a motion to dismiss or by summary judgment or following trial, their contention that Avatex has alleged only derivative claims belonging to the bankruptcy estates. The defendants could also have asserted their preclusion contention as an affirmative defense. These defenses do not give rise to federal jurisdiction to support removal. *Rivet*, 522 U.S. 470, 118 S.Ct. at 925. Thus, without the trustee as a party plaintiff asserting claims belonging to the bankruptcy estates, the federal court would lack jurisdiction, mandating remand.

But this court granted the trustee's motion to intervene as a plaintiff. The trustee, on behalf of the bankruptcy estates, owns claims 7, 8 and 9. The trustee has also joined in the other claims alleged by Avatex, asserting that the claims belong to the trustee. These claims are premised on state law causes of action and hence are non-core matters. But recovery by the trustee will have a conceivable effect on the bankruptcy estates. Thus, for the trustee's claims, the federal court has bankruptcy jurisdiction under the "related to" provision of 28 U.S.C. § 1334.

In addition, Avatex may ultimately be asserting derivative claims belonging to the bankruptcy estates. The trustee as a party plaintiff is positioned to prosecute those claims. But as the Delaware court intimated in its analysis in the letter opinion dated August 24, 1998, the trustee and Avatex may hold overlapping or parallel claims under Texas law. Under either scenario, the federal court would have "related to" jurisdiction under 28 U.S.C. § 1334. As the Delaware court suggested, the determination of the ownership of the claims may require a fully developed record. Thus, other than claims 7, 8 and 9, the trustee's claims, if any, and the Avatex claims, if any, may be so intricately intertwined that the non-core claims of the trustee cannot be practically separated for adjudication from the claims of Avatex. In other words, assuming the allegations have merit, whether the claims other than claims 7, 8 and 9 belong to the trustee or Avatex or both may not be determined until litigated. The resolution of this adversary proceeding therefore could have a conceivable effect on the bankruptcy estate thereby giving the federal court "related to" jurisdiction. *FoxMeyer Health Corp.*, 217 B.R. at 515.

With the trustee as a party plaintiff, the federal court has jurisdiction. A conceivable effect on the bankruptcy estates, a basis for jurisdiction under 28 U.S.C. § 1334, is a federal right essential to the complaint.

■ As the trustee has decided to prosecute his claims, the court must determine whether it should nevertheless remand the litigation on equitable grounds. Before doing so, the court addresses the contention that the complaint raises a core matter,

namely, whether the claims alleged by Avatex constitute property of the FoxMeyer bankruptcy estates.

■ The United States District Court for the District of Delaware has exclusive jurisdiction over property of the FoxMeyer bankruptcy estates. 28 U.S.C. § 1334(e). What constitutes property of the estate under 11 U.S.C. § 541, however, is determined by state law. *Foothill Capital Corp. v. Clare's Food Market, Inc. (In re Coupon Clearing Service, Inc.)*, 113 F.3d 1091, 1099 (9th Cir. 1997). The Delaware court will decide whether the claims asserted by Avatex are property of the FoxMeyer bankruptcy estates. This court has accordingly deferred that issue to the Delaware court. *FoxMeyer Corp.*, 217 B.R. at 517. But the Delaware court has instructed that this adversary proceeding should move forward toward resolution in order to develop a sufficient record for the court to determine the property of the estate issue. The Delaware court may abstain in favor of a state or another federal court to make the underlying adjudication necessary for a decision on the question of property of the estate. The Delaware court has done so. The core matter is pending in Delaware, not here. In this case, the defendants have an affirmative defense or a basis for dismissal. And the trustee is present to litigate the claims owned by the bankruptcy estates, with the express direction of the Delaware court to proceed forthwith. The trustee's concern with the smooth administration of the bankruptcy proceedings has been addressed by the judge presiding over those proceedings.

■ Returning to the complaint with the trustee's claims interwoven and inseparable, at this stage of the proceedings, from Avatex's claims, the court must determine whether it should remand the litigation on equitable grounds. 28 U.S.C. § 1452(b). In exercising its discretion under § 1452(b), the court considers, among others, (1) judicial economy; (2) comity and respect for state court capabilities; (3) effect on the administration of the estate; (4) effect of bifurcating claims; and (5) the prejudice to the parties involved. *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984).

Judicial economy compels that this dispute, both the Avatex claims and the trustee's claims, be tried in one forum. Should this court decide, in midstream, that Avatex and not the trustee holds claims other than counts 7, 8 and 9, it would lack jurisdiction to proceed on those claims, whereas the state court would be a court of competent jurisdiction on all claims. The United States District Court could presumably withdraw the reference and exercise supplemental jurisdiction over the Avatex claims, 28 U.S.C. § 1367, but that would be an unnecessary judicial exercise when the state court would have jurisdiction over all claims.

The claims sound in state law, for which the courts of the State of Texas are obviously well suited to decide. Other than the property of the estate issue which will be decided by the Delaware court, a federal court need not adjudicate the dispute.

Litigation in the state court will have no adverse effect on the administration of the bankruptcy estates. The Delaware bankruptcy court has already directed that this litigation proceed in Texas. This court has previously determined that a court in Texas is the most appropriate venue. *FoxMeyer Health Corp.*, 217 B.R. at 517. The Delaware court has determined that some claims may not be pursued by Avatex. This court will implement that decision. Should the Delaware court determine that other claims have been precluded by litigation in the FoxMeyer bankruptcy cases, the defendants may seek relief from the state court. This court has no reason to doubt that the state court would honor a determination of preclusion by the Delaware court. In any event, the Delaware court, the court responsible for the administration of the bankruptcy estates, has directed that this litigation proceed.

The trustee has elected to proceed with his claims. Thus, bifurcation of claims is not a factor.

Lastly, no party will suffer prejudice whether the complaint is litigated in state court or in federal district court. The trustee contends that Avatex should not impose a choice of forum on the trustee. Under the Bankruptcy Code, the trustee has a choice of

forum to litigate his non-core claims. The trustee could choose the federal forum with the non-core limitations on the bankruptcy court and the prospect of de novo review or reference withdrawal. 28 U.S.C. §§ 157(c)(1) and 157(d). Or the trustee could choose to litigate in state court. In this case, the trustee moved to intervene with the motion to remand pending. Avatex had commenced its litigation in state court and moved to have the complaint returned to state court, a court of competent jurisdiction. The trustee chose to join the litigation as a plaintiff under those circumstances with the motion to remand, as well as the motion to transfer venue, pending. In doing so, the court must presume that the trustee understood that the state court would be a court of competent jurisdiction to which the litigation could be remanded. By intervening, the trustee therefore knew that he could end up litigating the state law claims in state court. The trustee cannot be prejudiced by litigating his non-core state law claims in the state court.

The trustee is concerned that if the state court dismisses the complaint as to Avatex, the trustee may be harmed. The trustee is a party plaintiff. The trustee has elected to proceed with his claims. If the complaint is dismissed as to Avatex, the trustee may proceed in a court of competent jurisdiction to have his claims resolved. The trustee has a duty to liquidate the estates' causes of action, which can be appropriately accomplished in state court.

The defendants cannot be prejudiced by defending in state court. Lack of standing and preclusion are affirmative defenses appropriate for resolution in state court. The parties have agreed to a scheduling order that would have them ready for trial by September 13, 1999. On remand, this court would recommend that the state court adopt that schedule. The state court could then schedule the actual trial date upon the certification on September 13, 1999, that the parties are ready for trial, which is what would occur should the matter remain in this court for trial or for reference withdrawal to the district court. Thus, the court has no basis to assume that a remand would delay adjudication any more than a reference withdrawal

would. And because of the jurisdictional complications with the Avatex claims in this court, without a remand, a reference withdrawal would be likely. Right to trial by jury is preserved in either the state or federal court.

Accordingly, no factor weighs in favor of retaining the litigation in federal court, whereas the factors weigh in favor of a remand or are neutral. Thus, on balance, the court exercises its discretion to remand the complaint to the state court pursuant to 28 U.S.C. § 1452(b).

Based on the foregoing,

**IT IS ORDERED** that, pursuant to the order of the United States Bankruptcy Court for the District of Delaware in *The Official Committee of Unsecured Creditors vs. Fox-Meyer Health Corp.*, adv. proc. no. A 97–20, dated November 12, 1998, claims 1, 2 and 3 as alleged by Avatex Corp., but not to the extent alleged by Bart A. Brown, trustee, are **DISMISSED.**

**IT IS FURTHER ORDERED** that the motion to remand is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the 95th Judicial District Court of Dallas County, Texas.

### APPENDIX 1

### *AMENDED SCHEDULING ORDER*

On October 16, 1998, following a hearing on the motion of Avatex Corp., f/k/a FoxMeyer Health Corp., to remand, the court conducted a scheduling conference with the parties. In the event that the court denies the motion to remand, this scheduling order shall govern this adversary proceeding, even if the court recommends that the District Court withdraw the reference upon a certification by this court that the parties are ready for trial. In the event the court grants the motion to remand, the court will recommend that the state court adopt into its scheduling order, to the extent consistent with its docket, this schedule. The United States Bankruptcy Court for the District of Delaware, the court presiding over the bankruptcy cases of FoxMeyer Corp., et al., has directed:

While the parties may have been focusing upon the partial summary judgment motion, it seems to me they should return their attentions to Texas, and move that proceeding forward as much as possible. I see no reason why the Texas action should be delayed any longer than necessary.

I am fully aware that McKesson further believes, for a separate set of legal reasons not discussed in this letter opinion, that all of the claims raised in the Texas action cannot be brought against it. There is a fully briefed summary judgment motion addressing those legal issues. That summary judgment motion will be considered another day. Unless that motion is granted, the Texas action should go forward now, not at some time in the future.

Letter Opinion dated August 24, 1998, at p. 8.

Based on the pretrial conference,

**IT IS ORDERED:**

1. The parties shall be prepared for trial by September 13, 1999, and appear at a pretrial conference on *September 13, 1999, at 9:30 a.m.*

2. The intervenor plaintiff, Bart A. Brown, Jr., the Chapter 7 trustee of the bankruptcy estates of FoxMeyer Corp., et al., shall, by November 13, 1998, determine whether to prosecute causes of action belonging to the bankruptcy estates as implicated or alleged in this adversary proceeding and file an appropriate pleading prosecuting or non-suiting the claims.

3. Avatex shall serve and file any amended complaint by November 13, 1998. The defendants shall serve and file their answers by December 3, 1998, together with any motions required to be filed with or prior to an answer.

4. Discovery shall be completed by April 30, 1999.

5. Any motions to withdraw the reference shall be served and filed by December 18, 1998. Likewise, formal consent to a jury trial before the bankruptcy judge shall be submitted by December 18, 1998 (form attached). The court may, however, sua sponte, address issues relating to reference withdrawal in its ruling on the motion to remand.

6. The court shall conduct a status conference on *February 8, 1999, at 1:30 p.m.*

7. Expert witnesses shall be identified and reports served as follows: Avatex and Brown by February 10, 1999. The defendants by March 10, 1999. Rebuttal by Avatex and Brown by April 1, 1999.

8. Summary judgment motions shall be served and filed by June 30, 1999. Responses shall be served and filed 20 days after service of the motion. Replies shall be served and filed 10 days after service of the responses. The court will set a hearing on the summary judgment motions.

9. The parties must confer for the purpose of arriving at all possible stipulations and the exchange and marking of exhibits (except those for impeachment only) which will be offered in evidence at the trial. These conferences must be held prior to the preparation of the pretrial order so that the parties can furnish each other a statement of the actual issues on which each party will offer supporting evidence, eliminating any issues which might appear in the pleadings about which there is no real controversy and including in the statement issues of law and ultimate issues of fact from the standpoint of each party.

10. A pretrial order in compliance with Local District Rule 16.4 shall be served and filed by September 9, 1999. All counsel are responsible for preparing the pretrial order, which shall contain the following:

(1) a summary of the claims and defenses of each party;

(2) a statement of stipulated facts;

(3) a list of the contested issues of facts;

(4) a list of contested issues of law;

(5) an estimate of the length of trial;

(6) a list of exhibits (except documents of impeachment);

(7) a list of all trial witnesses, with the time each party estimates for examination (direct and cross of each witness);

(8) a list of expert witnesses, with a summary of their qualifications and testimony;

(9) a statement that a settlement conference had been conducted;

(10) the signature of each attorney; and

(11) a place for the date and signature of the court.

11. All pending motions shall be called to the court's attention at the pretrial conference on September 13, 1999.

12. On September 13, 1999, the parties shall submit to the court any questions they would like the court to ask during the process of jury selection, any requested special issues, and the parties' proposed jury instructions. The parties must strictly adhere to this time schedule.

13. All trial exhibits are to be exchanged by September 13, 1999.

14. During the entire pendency of this action, through and including the end of the trial, the parties shall vigorously pursue the possibility of settlement.

15. On September 13, 1999, counsel must certify to full compliance with this order. The court will consider the imposition of appropriate sanctions in the event of noncompliance. In the event of withdrawal of the reference, this scheduling order will assure that the parties are fully and promptly prepared for trial.

16. Amendments of this order, including requests for continuances, may be obtained for cause shown by written motion. The motion must contain a statement establishing cause and shall be served on opposing counsel, who may file a response to the motion within 7 days of service. Unless ordered otherwise, the court will rule on the motion based on the written filings without a hearing.

17. This scheduling order supersedes prior scheduling orders.