IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 01-40715

———————————————

JEANNE BOSKY,

                                        Plaintiff-Appellant,

versus

KROGER TEXAS, LP;
KROGER LIMITED PARTNERSHIP I,

                                        Defendants-Appellees.

———————————————

Appeal from the United States District Court
For the Eastern District of Texas

———————————————

April 8, 2002

Before HIGGINBOTHAM, DeMOSS, and BENAVIDES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

     This is an appeal from a grant of summary judgment in a slip
and fall case.  The plaintiff challenges the timeliness of the
removal to federal court of this diversity case and the grant of
summary judgment on the merits of her claim for personal injury
suffered in a slip and fall at a Kroger store.  We affirm.  We
agree with the grant of summary judgment on the merits and that the
case was properly removed.  We write further only to explain the
standard for resolving the question of timeliness of removal.

There is a difference in language in the two paragraphs of 28 U.S.C. § 1446(b) describing the documents which trigger the time limits for notices of removal. The first paragraph governs notices of removal based on an "initial pleading *setting forth* the claim for relief upon which such action or proceeding is based."[1] By contrast, the second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable."[2]

Bosky's original petition failed to set forth a removable claim, stating only a claim for unliquidated damages of an unspecified amount in excess of $50,000, pursuant to Tex. R. Civ. P. 47(b). The parties agree that the complaint was insufficient to trigger the 30-day period for removing the case to federal court and that this issue is controlled by the second paragraph of section 1446.

Although not at issue here, the standard for determining whether a notice of removal is timely filed under the first paragraph of section 1446(b) is important for comparative purposes. The time limit in the first paragraph is triggered "only when that pleading *affirmatively reveals on its face* that the plaintiff is

---

[1] 28 U.S.C. § 1446(b) (emphasis added).

[2] *Id.* (emphasis added).

seeking damages in excess of the minimum jurisdictional amount of the federal court."[3]    Bosky argues that we should apply this standard governing the timeliness of notices of removal based on information from a party's initial pleading to the determination of the timeliness of a notice of removal based on "receipt by the defendant, through service or otherwise, of a copy of ... other paper from which it may first be ascertained that the case is one which is or has become removable" under the second paragraph of section 1446(b).

We held in *Chapman v. Powermatic, Inc.*[4] that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[5]  We noted that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know" and that

---

[3]  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added); *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (discussing the *Chapman* rule and holding that, "[b]y the same token, the removal clock began to run in the instant case only when the defendants received a pleading that revealed on its face that [the plaintiff] was asserting a cause of action based on federal law").

[4]  969 F.2d 160 (5th Cir. 1992).

[5]  *Id.* at 163 (footnote omitted).

"the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount."[6] We rejected a due diligence requirement for determining whether a case is removable,[7] insisting that "the defendant's subjective knowledge cannot convert a case into a removable action."[8]  We have since held that specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal.[9]  Notably, however, the removing defendant is always required to "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[10]

II

---

[6]  *Id.*

[7]  *See id.*

[8]  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[9]  *See, e.g.*, *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993). *See generally De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-12 (5th Cir. 1995).

[10]  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

4

"Setting forth," the key language of the first paragraph, encompasses a broader range of information that can trigger a time limit based on notice than would "ascertained," the pivotal term in the second paragraph. To "set forth" means to "publish" or "to give an account or statement of."[11] "Ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty."[12] The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally.

The Tenth Circuit, following similar reasoning, noted in this context in *DeBry v. Transamerica Corp.*:[13]

> Section 1446(b) uses the word "ascertained" in connection with the giving of notice. Webster's New Collegiate Dictionary (1975), defines the term "ascertain" as "to find out or learn with certainty." Given that the deposition might have placed the person on inquiry, it was not sufficient to permit him to learn with certainty.[14]

The Tenth Circuit further observed that, "[i]f the statute is going to run, the notice ought to be unequivocal" and "should not be one which may have a double design."[15] Following *DeBry*, the Tenth Circuit has required that the notice in "an amended pleading,

---

[11] Webster's Ninth New Collegiate Dictionary 1077 (1990).

[12] *Id.* at 107.

[13] 601 F.2d 480 (10th Cir. 1979).

[14] *Id.* at 489.

[15] *Id.*

5

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" be unequivocal.[16]

We follow the Tenth Circuit's *DeBry* rule.  The *Chapman* measure of the "affirmatively reveals on its face" standard does not apply to the second paragraph of section 1446(b), but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).  This clearer threshold promotes judicial economy.  It should reduce "protective" removals by defendants faced with an equivocal record.[17]  It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts.  In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

### III

This reading of the second paragraph of section 1446(b) is not in tension with our long-standing canon of statutory interpretation that "removal statutes are to be construed strictly against removal

---

[16] *See, e.g.*, *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

[17] *Cf. Chapman*, 969 F.2d at 163 (rejecting a rule because it would promote premature "protective" removals).

and for remand."[18]  This canon does not trump a plain language reading of the statute's terms.[19]  Moreover, this reading of the second paragraph ought to reduce removals, consistent with the policy behind this canon.  This supposes that a defendant will be less likely to act on more equivocal information provided in "an amended pleading, motion, order or other paper" because such a "protective" removal is no longer necessary to avoid the risk of losing his right to removal by the lapse of time.

IV

Nor do we believe the standard we adopt today conflicts with our cases holding that a defendant can still show a case to be removable on the basis of a state court complaint which does not explicitly state a demand for damages exceeding the threshold amount in controversy.[20]  Those holdings are not relevant here

---

[18]  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

[19]  *See United States v. Fitch*, 137 F.3d 277, 282 (5th Cir. 1998); *cf. Chicasaw Nation v. United States*, 122 S. Ct. 528, 535 (2001) (observing that canons "are not mandatory rules" but rather are guides "designed to help judges determine the Legislature's intent as embodied in particular statutory language" and so need not be conclusive, such that "other circumstances evidencing congressional intent can overcome their force").

[20]  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett*, 171 F.3d at 298; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Free v. Abbott Labs. (In re Abbott Labs.)*, 51 F.3d 524, 526-27 (5th Cir. 1995); *de Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993); *Marcel*, 5 F.3d at 84; *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 871 n.7 (5th Cir. 1983).

7

because the timeliness requirement of the second paragraph of section 1446(b) does not play unless "the case stated by the initial pleading is not removable."[21] Notably, our limited case law holding that the jurisdictional amount in controversy requirement was proven by "other paper" pursuant to the second paragraph of section 1446(b) involved facts presented in the "other paper" from which it would be "unequivocally clear and certain" under the standard announced today that the amount in controversy requirement was met and the case was removable under federal diversity jurisdiction.[22]

AFFIRMED.

---

[21] *Chapman*, 969 F.2d at 161.

[22] *See S.W.S. Erectors*, 72 F.3d at 491-92, 494 (holding that time requirements for filing a notice of removal were triggered by the defendant's receipt of a transcript of the plaintiffs' president's deposition in which he testified that the actual damages fell between $70,000 and $80,000, when the minimum amount in controversy for diversity jurisdiction was $50,000); *cf. Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Wilson makes several other arguments, all of which fail. .... Second, Wilson argues that the complaint, which had no *ad damnum* clause, did not state claims that facially involved more than $50,000. ... Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper. *See Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993) (allowing removal when it was facially apparent that the claims exceeded $50,000).").