**In re LJM2 CO–INVESTMENT, L.P., Debtor.**

**State of Arkansas Teacher Retirement System, et al., Plaintiffs,**

v.

**Merrill Lynch & Co., Inc., et al., Defendants.**

**Bankruptcy No. 02–38335–SAF–11.**

**Adversary No. 04–3525.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Jan. 14, 2005.

Paul R. DeFilippo, Wollmuth, Maher & Deutsch LLP, New York, NY, for Plaintiffs.

Robert Serio, Gibson, Dunn & Crutcher, New York, NY, for Defendants Merrill Lynch & Co., Inc., et al.

Stacey C. Jernigan, Haynes & Boone, Dallas, TX, for Defendant Credit Suisse First Boston Global Impaired Assets Management.

Judith W. Ross, Baker, Botts LLP, Dallas, TX, for Defendant ML–LJM2 Co–Investment, LP.

John C. Eichman, Jenkens & Gilchrist, Dallas, TX, for Defendants DLJ Fund Investment Partners III, L.P., et al.

Paul E. Ridley, Kirkpatrick & Lockhart LLP, Dallas, TX, for Defendants First Union National Bank n/k/a Wachovia Bank, National Association, et al.

Craig B. Florence, Gardere Wynne Sewell LLP, Dallas, TX, for Defendant Dresdner Bank AG, New York and Grand Cayman Branches.

Andrew P. Brozman, Chadbourne & Parke LLP, New York, NY, for Defendant Royal Bank of Scotland PLC.

Claude L. Stuart, III, Phelps, Dunbar, LLP, Houston, TX, for Royal Bank of Canada.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

The State of Arkansas Teacher Retirement System, et al., the plaintiffs, move to remand this adversary proceeding to the 193rd Judicial District Court of Dallas County, Texas. The defendants oppose the motion. The court conducted a hearing on the motion on November 23, 2004.

On July 16, 2004, the plaintiffs, investors in LJM2 Co–Investment L.P., brought this action in state court against the defendants, financial institutions or their affiliates, for allegedly aiding and abetting frauds and breaches of fiduciary duty committed by LJM2 personnel, including its general partner. The parties refer to the litigation as the Texas Action. The plaintiffs alleged nine claims for relief: (1) violation of the Texas Securities Act by the Merrill Lynch defendants; (2) common law fraud against the Merrill Lynch defendants; (3) negligent misrepresentation against the Merrill Lynch defendants; (4) breach of fiduciary duty; (5) unjust enrichment; (6) civil conspiracy; (7) aiding and abetting a violation of the Texas Securities Act; (8) aiding and abetting fraud; and (9) aiding and abetting breach of fiduciary duty. The defendants removed claims five through nine and a portion of claim four to this court as adversary proceeding no. 04–3525. Separately, Merrill Lynch & Co., Inc., and the related Merrill Lynch defendants removed claims one through three and the remaining portion of claim four to this court as adversary proceeding no. 04–3511. The defendants removed adversary proceeding no. 04–3525 pursuant to 28 U.S.C. §§ 1334 and 1452, asserting that the claims in the Texas Action arise under the Bankruptcy Code and relate to the Chapter 11 case of LJM2, pending before this court as case no. 02–38335–SAF–11. Merrill Lynch removed adversary proceeding no. 04–3511, asserting that those claims related to the Chapter 11 case of Enron Corp., case no. 01–16034–AJG, pending in the Southern District of New York. The instant motion to remand addresses adversary proceeding no. 04–3525. After removal, the plaintiffs amended their complaint to add a claim for exemplary damages.

The defendants assert that the Texas Action collaterally attacks the distribution scheme established by the LJM2 plan of reorganization, confirmed by order of this court entered on August 18, 2003. The defendants also assert that the Texas Action includes claims that have been released by the LJM2 plan and claims that belonged to the LJM2 bankruptcy estate.

The defendants contend that certain of their defenses to the Texas Action seek to enforce the distribution scheme of the confirmed LJM2 plan and orders of this court.

In their remand motion, the plaintiffs respond that the issues identified by the defendants may be alleged as affirmative defenses to the Texas Action. They argue that affirmative defenses may not be employed to establish a federal question for removal jurisdiction. They further argue that the Texas Action has no impact on the implementation or enforcement of the confirmed LJM2 plan.

By order entered August 18, 2003, this court confirmed the First Amended Liquidating Plan of Reorganization of LJM2, dated April 18, 2003, as modified June 20, 2003, and August 8, 2003. All of the plaintiffs, except two, consented to the plan, as modified. The plan became effective on August 18, 2003. Under the plan, LJM2 transferred its assets to two trusts, referred to as Trust A and Trust B. The assets held by Trust B include bankruptcy avoidance claims against the plaintiffs and non-bankruptcy claims related to capital call rights against the plaintiffs in their capacity as limited partner investors in LJM2. Several of the defendants are beneficiaries of Trust B. Any net recoveries from the defendants from the avoidance claims or the capital call claims will be distributed to the defendants who are beneficiaries of Trust B.

Under the plan, the trustee of Trust B became the representative of the LJM2 bankruptcy estate to prosecute the avoidance claims and the capital call claims. The avoidance claims are pending before this court. The capital call claims are pending before the Delaware chancery court.

The plan allowed the claims of several of the defendants against the LJM2 estate. The plan contains a discharge and release of claims against and in LJM2 and its property, including the trust assets. LJM2 Plan, § 9.1. The plan released claims of LJM2 against at least some of the defendants. LJM2 Plan, § 9.5. The plan enjoined holders of claims or interests against or in LJM2 from taking certain actions against various entities, including beneficiaries of trust property. LJM2 Plan, § 9.6(1). The confirmation order provides that the plan binds all creditors and interest holders in the LJM2 estate. This court, in the confirmation order, retained jurisdiction to enforce the power of the trusts and the releases, discharges and injunctions of the plan.

The plan has become effective and has been consummated. The avoidance claims and capital call claims have been transferred to Trust B. The trustee of Trust B is pursuing those claims. The plaintiffs are defendants in that litigation.

In the Texas Action, the plaintiffs assert non-bankruptcy claims based on state law. The claims arose before the filing of the LJM2 bankruptcy case. But the defendants assert that, as relief, the plaintiffs seek to impose a constructive trust on recoveries the defendants receive from Trust B. Amended complaint, par. 5, prayer for relief. The plaintiffs also seek a declaratory judgment that the defendants must indemnify them for any judgments or settlements they pay to Trust B. Amended complaint, par. 6, prayer for relief. Looking past the nature of the Texas Action claims to the nature of the relief requested, the defendants contend that the plaintiffs seek to interfere with the distribution scheme of the LJM2 plan. The defendants contend that this court has core jurisdiction to enforce the plan by applying the releases, discharges and injunction provisions of the plan, as confirmed by this court.

In addition, by seeking to recover from the defendants what Trust B might recover from them, the plaintiffs, argue the defendants, collaterally attack the confirmed plan, including the treatment of the defendants who hold allowed claims in the LJM2 case.

In addition, the defendants contend that several of the claims in the Texas Action, such as breach of fiduciary duty and aiding and abetting breach of fiduciary duty, belong to the LJM2 bankruptcy estate, and have been released by the plan. Presumably, the defendants contend that the plaintiffs lack standing to prosecute those claims. Lastly, the defendants assert that they may have contribution or indemnification claims against LJM2.

The plaintiffs respond that the releases, discharges and injunctions do not apply to their personal claims against the defendants. They argue that not all the defendants are subject to the releases and injunction of the plan. They argue that the Texas Action constitutes a third-party, non-debtor, state law-based complaint against third-party, non-debtor defendants. The plaintiffs have not brought an action against LJM2 nor Trust B. The plaintiffs observe that release, discharge, injunction, standing and collateral estoppel may all be alleged as affirmative defenses in the Texas Action in state court. The plaintiffs further observe that the plan protects their interests. The plan states that rights and defenses of limited partners in LJM2 are preserved and not affected by the plan. LJM2 Plan, § 7.13.

The plaintiffs contend that federal jurisdiction may not be obtained through the invocation of affirmative defenses. As a result, the plaintiffs argue that the matter must be remanded to state court for lack of jurisdiction. Alternatively, they argue this court should abstain in deference to the state court.

## Removal

■ A removed state court lawsuit must be remanded if a federal district court could not have asserted original jurisdiction had the state court action initially been brought in federal court. *See* 28 U.S.C. § 1441(a) and (b); *Foxmeyer Health Corp. v. McKesson Corp. (In re Foxmeyer Corp.)*, 230 B.R. 791, 794 (Bankr.N.D.Tex.1998). Removal would only be appropriate if the action is one "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331 and 1441(b). The defendants' assertion of federal question removal jurisdiction will rise or fall on the allegations in the plaintiffs' well-pleaded complaint, that is, on whether there appears on the face of the complaint some substantial disputed federal law. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). The defendants must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Foxmeyer*, 230 B.R. at 795, quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (Cardozo, J.).

■ With regard to a federal question under the Bankruptcy Code, a party may remove a state cause of action to a federal district court if the district court has jurisdiction of the cause of action under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). The jurisdiction of the bankruptcy courts is grounded in and limited by that statute. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). The United States Code provides that federal courts have original but not exclusive jurisdiction of all civil proceedings "arising under" the Bankruptcy Code, or "arising in or related to" cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). Bankruptcy courts have jurisdiction over

"more than the ... proceedings involving property of the estate ... [but] a bankruptcy court's 'related to' jurisdiction is not limitless." *Celotex,* 514 U.S. at 308, 115 S.Ct. 1493; *Matter of Walker,* 51 F.3d 562, 568 (5th Cir.1995). To ascertain whether bankruptcy jurisdiction exists, the court need only determine whether a matter is at least "related to" the bankruptcy. *Walker,* 51 F.3d at 568. An action is "related to" a bankruptcy case "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*

Conversely, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." *Celotex,* 514 U.S. at 308, n. 6, 115 S.Ct. 1493. In a Chapter 11 case, once the bankruptcy court confirms a plan of reorganization, the bankruptcy estate ceases to exist. The rights, liabilities, options and freedom of action of the debtor have been established by the confirmed plan. With consummation of the plan, there is no longer a bankruptcy estate for the federal court to administer. As a result, bankruptcy jurisdiction ceases to exist, "other than for matters pertaining to the implementation or execution of the plan." *In re Craig's Stores of Texas, Inc.,* 266 F.3d 388, 390 (5th Cir.2001).

### Application of Rivet to Section 1334

Before examining whether the defendants have established that the plaintiffs' complaint raises a bankruptcy question, the court addresses the defendants' contention that the well-pleaded complaint test of *Rivet* does not apply to removals under § 1334. In *Rivet,* removal had been premised on 28 U.S.C. §§ 1331 and 1441(a) and (b). The removing party invoked federal jurisdiction based on a claim "arising

under" the Constitution, laws or treaties of the United States. The defendants observe that a removal based on bankruptcy jurisdiction invokes a broader definition of a federal question. Removal under 28 U.S.C. § 1452(a) turns on a federal question under 28 U.S.C. § 1334. Section 1334 provides for bankruptcy jurisdiction based on a claim "arising under" the Bankruptcy Code, applying the same definition of § 1331 ("arising under" the Constitution, laws or treaties of the United States), but also provides for bankruptcy jurisdiction based on a claim "arising in or related to" a case under the Bankruptcy Code. 28 U.S.C. § 1334(a) and (b). Because of this broader jurisdictional grant, the defendants argue that the well-pleaded complaint rule should not apply. Rather, the defendants argue that the federal question "arising in or related to" a bankruptcy case may be premised on pleadings beyond the complaint.

The Supreme Court instructs otherwise. In *Rivet,* the removing party asserted an affirmative defense of preclusion. The preclusion defense was based on prior bankruptcy court orders. Although the removing party cited § 1331, and not § 1334, for federal jurisdiction, the case involved the consideration of prior bankruptcy court orders. The Fifth Circuit affirmed the district court's denial of a motion to remand. The Supreme Court reversed. The Court considered whether preclusion based on a federal court order became subsumed by the complaint. The Court concluded that it did not. Preclusion, even if based on a federal court order, is an affirmative defense and, as such, cannot be used to create a federal question. The Court held "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state court pro-

ceedings, and the state court's disposition of it is subject to this Court's ultimate review." 522 U.S. at 478, 118 S.Ct. 921.

■ This court recognizes that the Supreme Court referenced removal under § 1441(b), but it is not the function of this court to distinguish *Rivet* on that basis. The Supreme Court recognized that exceptions existed to the well-pleaded complaint rule. For example, when a claim has been preempted by federal law, the claim is considered, from its inception, a federal claim, and therefore arises under federal law. 522 U.S. at 476, 118 S.Ct. 921. Under § 1334(b), federal courts have "original but not exclusive jurisdiction" of claims "arising in or related to" a bankruptcy case. The preemption exception therefore does not apply.

The defendants rely on *Am. National Red Cross v. S.G.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), but that case involved a statute providing specific federal jurisdiction for litigation involving the American Red Cross. As with federal preemption, the federal statute made the federal right an essential element of the plaintiff's claim. Notwithstanding that concept, in the later-decided *Rivet* case, the Court instructed that a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense may be the dispositive issue in the case. *Rivet,* 522 U.S. at 475, 118 S.Ct. 921. Under these teachings, if the federal question is essentially a federal defense and not essentially an element of the plaintiff's claim, the case may not be removed. This court holds that *Rivet* applies to removal based on § 1452. *Foxmeyer,* 230 B.R. at 795. A contrary holding must be obtained from a higher court.

Following confirmation of the LJM2 plan, with its releases, discharges and in-

junction provisions and the commencement and continuation of the avoidance and capital call litigation against the plaintiffs by Trust B for the benefit of the defendants, the plaintiffs necessarily must have anticipated that the defendants would assert affirmative defenses of collateral estoppel, release, discharge, injunction and standing based on federal court order. Nevertheless, assuming the defenses provide a basis for federal jurisdiction under § 1334, the plaintiffs' complaint may not be removed to federal court on the basis of those federal defenses.

### *Declaratory Judgment*

The potential for a declaratory judgment action by the defendants in this court complicates the federalism policy underlying the Supreme Court's analysis in *Rivet.* The defendants could conceivably, as they observe and as the plaintiffs concede, commence a declaratory judgment action under 28 U.S.C. § 2201 seeking a declaration concerning the breadth and application of the releases, discharge and injunction provisions of this court's confirmation order. Conceivably, the defendants could also seek declaratory relief regarding whether certain claims belonged to the LJM2 bankruptcy estate and had been finally resolved by the confirmation of the LJM2 plan. Although not presently before this court, and mindful that this court should not speculate on future litigation nor render advisory opinions, the parties recognize the potential for this litigation. At the hearing on the motion to remand, the defendants indeed suggested the likelihood of a declaratory judgment action.

The federalism tension triggered by a declaratory judgment action is not uncommon. For example, a bondholder filed claims in state court against former officers, directors and financial advisors of the National Gypsum Company, for actions

taken during the confirmation process of the National Gypsum plan of reorganization, confirmed by this court. *See In re National Gypsum Company*, case no. 90–37213–SAF–11. The defendants asserted federal defenses, including collateral estoppel. The defendants removed the litigation to this court. This court remanded for lack of jurisdiction. The district court affirmed. *Donaldson, Lufkin & Jenrette Securities Corp. v. Prostok*, 3:96–CV–1932–P (N.D.Tex. Feb. 24, 1997).

The confirmed National Gypsum plan contained release and injunction provisions and fee shifting and exoneration provisions. Although the basis for a federal defense in the state court litigation, the state court plaintiff filed a declaratory judgment action in this court seeking construction of those provisions. This court held that the provisions had become final, binding orders, but declined to issue declaratory relief, abstaining in favor of the state court because of the remand of the state law-based claims litigation. The district court reversed that abstention. On remand, this court construed the plan provisions as confirmed by order of this court. *Id.*

Thus, it is possible to have a state court proceeding with federal defenses based on bankruptcy court orders while the bankruptcy court entertains a declaratory judgment action construing those same bankruptcy court orders. The declaratory judgment action may even raise core matters under the Bankruptcy Code. For example, a declaratory judgment action to determine whether a confirmation order bars collection of asserted pre-confirmation liability raises a core matter under 28 U.S.C. § 157 giving the bankruptcy court jurisdiction to enter a final judgment under § 1334. *In re National Gypsum Co.*, 118 F.3d 1056 (5th Cir.1997). Similarly, a post-confirmation dispute over a promissory note provided for in the debtor's reorganization plan raises a core matter as the note had been executed in settlement of a creditor's claim as part of the plan of reorganization. *In re Case*, 937 F.2d 1014 (5th Cir.1991). In citing these examples, the court hastens to observe that in both a representative of the bankruptcy estate by virtue of the plan of reorganization had been a party.

While recognizing the possibility of a declaratory judgment action, this court cannot base its remand decision on speculation over possible future litigation. To decide the motion to remand, this court must apply the well-pleaded complaint rule to determine if a federal question has been raised by the plaintiffs' amended complaint, without considering federal defenses. In the event of a future declaratory judgment action, the court will determine whether it has jurisdiction over that action. If it does have jurisdiction, the court may weigh and balance the tension with state court litigation with federal defenses by considering the abstention factors of 28 U.S.C. § 1334(c) and by exercising its discretion regarding entertaining declaratory judgment actions. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994).

### *Relief Requested*

Turning to the amended complaint, the defendants assert that the prayer for relief interferes with the distribution scheme of the plan of reorganization. The defendants argue that the plaintiffs request that the court impose a constructive trust on all amounts the plaintiffs derive from distributions from the LJM2 plan, including from Trust B. The plaintiffs also seek a declaration that the defendants must indemnify them for any judgment obtained by Trust B against them. The defendants argue that relief would effectively nullify their distributions under the LJM2 plan.

The plaintiffs respond that the relief requested does not interfere with any distributions made by Trust B. Trust B will make whatever distribution is appropriate to the defendants. The plaintiffs seek to impose the constructive trust against the defendants, not against Trust B. Indeed, neither Trust B nor LJM2 is a party to this litigation. With regard to the Trust B litigation against the plaintiffs, the plaintiffs do not seek to enjoin or interfere with that litigation. Rather, if found liable, they seek indemnification from the defendants. The court recognizes the circuitity to the recoveries in the multiple litigation regarding these parties. But that derives from the unusual nature of LJM2 and its dealings in the world of Enron.

The plaintiffs argue that they request the type of remedies any defrauded claimant would be entitled to assert, *e.g.*, indemnity against losses caused by the defendants and a constructive trust on, or restitution for, any gains derived by the defendants from their wrongful acts. The plaintiffs have not prayed for relief that would impinge on the distributions to be made by Trust B. The defendants mischaracterize the prayer for the application of a constructive trust. The relief requested by the plaintiffs would impose a constructive trust on gains, profits and advantages obtained by the defendants from their allegedly wrongful acts and omissions. Amended complaint, prayer for relief, par. 5. The plaintiffs do not specify that a constructive trust should be imposed on Trust B distributions. The claims raised in the complaint do not contain a federal question. They are state law claims that allegedly existed before the LJM2 bankruptcy case, with remedies requested against non-debtors as available under state law.

## Well-pleaded Complaint

The plaintiffs' amended complaint must have some conceivable effect on the implementation or execution of the LJM2 plan. The plaintiffs do not assert claims against LJM2, Trust A or Trust B. The plaintiffs do not purport to bring claims on behalf of LJM2. The plaintiffs' amended complaint does not involve property of the LJM2 bankruptcy estate. Indeed, the property of the LJM2 bankruptcy estate has been distributed. The plaintiffs do not attempt to recover property for the benefit of the bankruptcy estate.

The LJM2 plan has been confirmed, has become effective, and has been consummated. The plaintiffs' amended complaint should have no effect on LJM2 or its successors in interest, Trust A or Trust B, rights, liabilities, options or freedom of action. The amended complaint does not request relief in the nature of a plan modification.

The plaintiffs do not seek to revoke the confirmation order. Indeed, the confirmation order has become final and non-appealable. Claims against LJM2 have been discharged. The assets of LJM2 have been transferred to Trust A and Trust B. The plaintiffs do not seek relief against either trust and have not named either trust as a party in this litigation. The plaintiffs do not purport to bring claims on behalf of Trust A or Trust B. The amended complaint does not involve property of Trust A or Trust B. The plaintiffs' prayer for a constructive trust would only apply to property obtained by and in the possession of the defendants. The plaintiffs do not attempt to interfere with any distribution to be made by Trust B to the defendants. The plaintiffs do not attempt to have a court reconsider the allowance of the defendants' claims against LJM2 nor their treatment under the plan. Rather, the plaintiffs only seek to recover from the

defendants on remedies available under state law for their claims for relief.

As is generally the situation with third party complaints, the amended complaint would have no conceivable effect on the implementation or execution of the LJM2 plan, and therefore the court lacks jurisdiction under § 1334. *See Walker*, 51 F.3d at 569. No other basis for federal jurisdiction has been raised in the notice of removal. The court must, therefore, grant the motion to remand.

Because the court will remand the case on jurisdictional grounds, the court does not address the plaintiffs' request that the court abstain under either 28 U.S.C. § 1334(c)(1) or (2). Although the court typically decides all issues presented, in the interest of completeness, the court declines to decide the abstention issue. Since the court may have to grapple with abstention considerations in the event of the commencement of a declaratory judgment action, to avoid rendering an advisory opinion, the court declines to consider abstention at this time.

### *Order*

Based on the foregoing,

**IT IS ORDERED** that the plaintiffs' motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims five through nine and the portion of claim four involved in this adversary proceeding are **REMANDED** to the 193rd Judicial District Court of Dallas County, Texas.