**In re SERVICELANE.COM, INC., Debtor.**

**Service Lane.com, Inc., Plaintiff,**

**v.**

**Pagosa Technologies, Inc., Defendant.**

Bankruptcy No. 01–36044–SAF–7.
Adversary No. 04–3651.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 1, 2005.

Ned Webster, Hill Gilstrap, P.C., Arlington, TX, Counsel for Plaintiff.

Rosemarie Donnelly, Andrews & Kurth, Houston, TX, Counsel for Defendant.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

ServiceLane.com, the plaintiff, moves the court to remand this adversary proceeding to the 192nd Judicial District Court of Dallas County, Texas. The defendants oppose the motion. The court conducted a hearing on the motion on January 10, 2005.

The sole issue presented by the motion is whether the defendants timely removed this litigation from state court. Although simply stated, the analysis of the issue is more complicated.

ServiceLane.com filed its original petition against the defendants on April 28, 2003. ServiceLane.com served the petition on the defendants on June 9, 2003. The defendants filed their notice of removal, based on 28 U.S.C. §§ 1334, 1452, 1441

and 1446, on July 21, 2004. Service-Lane.com contends that the defendants did not timely file the notice of removal and, accordingly, move to remand under 28 U.S.C. § 1447(c).

Defendants desiring to remove a civil action from state court to federal court must file in the United States District Court a notice of removal. 28 U.S.C. § 1446(a). The United States Code provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

ServiceLane.com contends that the initial petition sets forth the claim for relief that forms the basis for the notice of removal, thereby triggering the thirty day time period of the first paragraph of § 1446(b). The defendants contend that the initial petition does not set forth a removable claim, but alleges only state law claims for relief. The defendants maintain that only upon the discovery of a bankruptcy court order did they learn with certainty of a federal bankruptcy claim, thereby triggering the thirty day time period of the second paragraph of § 1446(b).

As the Fifth Circuit has explained, the two paragraphs of § 1446(b) describe the documents that trigger the time limits for notices of removal. The first paragraph governs notices based on the "initial pleading *setting forth* the claim for relief upon which such action or proceeding is based." By contrast, the second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it may *first be ascertained* that the case is one which is or has become removable." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 209 (5th Cir.2002)(emphasis added). For purposes of the first paragraph, the thirty day time period starts to run from the defendant's receipt of the initial pleading only when the "pleading affirmatively reveals on its face" that the plaintiff has raised a federal question. *Id.*, at 210 (discussing removal based on diversity). The pleading must contain a specific allegation raising a federal question. The defendants have no obligation to engage in due diligence to determine if the case is removable. The subjective knowledge of the defendants cannot convert a case into a removable action. *Id.* The "affirmatively reveals on its face" standard does not apply to the second paragraph of § 1446(b), "but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time running for a notice of removal under the second paragraph of § 1446(b)." *Id.*, at 211.

■ The initial petition alleges at ¶ 2 that ServiceLane.com is a Delaware corporation in a Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, case no. 01–36044–HCA. The petition further alleges, at ¶ 8, that the defendants, beginning on December 15, 2000, committed acts while they had conflicts of interest. The petition further alleges that ServiceLane.com then filed its bankruptcy petition. The petition continues that despite the filing of the bankruptcy petition, the defendants continued to use ServiceLane.com's name, good will and its assets, and that they diverted its assets. Based on those allegations, the petition alleges claims for breach of fiduciary duty (¶ 9), usurpation of corporate opportunities (¶¶ 10, 11), and conversion (¶ 12). ServiceLane.com seeks damages on those causes of action. (¶ 13).

The petition affirmatively reveals on its face that the plaintiff is a Chapter 7 debtor. The petition affirmatively reveals allegations of pre-bankruptcy activity giving rise to state law causes of action. Upon the filing of the bankruptcy case, those causes of action become property of the bankruptcy estate, 11 U.S.C. § 541, under the jurisdiction of the federal court. 28 U.S.C. § 1334(e). Liquidation of those causes of action could have a conceivable effect on the administration of the bankruptcy estate. 28 U.S.C. § 1334(b); *Matter of Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987). The petition affirmatively reveals allegations that the defendants exercised control over the debtor's assets after the filing of the bankruptcy case. Without leave of the bankruptcy court, a person, other than the bankruptcy trustee, may not exercise control over property of the bankruptcy estate. 11 U.S.C. § 362(a)(3). An action to protect property of the bankruptcy estate would affect the administration of the estate. The initial petition

thereby affirmatively reveals a basis for federal bankruptcy jurisdiction. The initial petition triggered the thirty day period to file a notice of removal. The defendants did not timely file their notice of removal.

The defendants argue, however, that the initial pleading does not affirmatively reveal a federal bankruptcy question. The defendants contend that the "gist" of the petition alleges acts committed after ServiceLane.com filed its bankruptcy petition. The defendants concede that the debtor's pre-petition causes of action became property of the bankruptcy estate. But the defendants argue that ServiceLane.com alleged post-petition causes of action in the initial petition, which would not be property of the bankruptcy estate. The defendants statement of their position refutes it. The defendants state that the allegation of post-petition use of the debtor's assets raise post-petition causes of action that do not belong to the bankruptcy estate. As stated above, the Bankruptcy Code imposes an automatic stay against the "exercise of control over property of the estate." 11 U.S.C. § 362(a)(3). The petition reveals a federal question.

The defendants observe that the Chapter 7 trustee has not filed the petition. The debtor filed the petition. The defendants infer that means the debtor must be alleging causes of action that arise post-petition, and that do not belong to the bankruptcy estate. The petition, however, alleges that the defendants used the debtor's assets after the filing of the bankruptcy case. That allegation reveals a federal question. The defendants raise a standing issue more appropriately addressed by a motion to dismiss than by an explanation for applying the second paragraph of § 1446(b). In a Chapter 7 bankruptcy case, the trustee has standing to liquidate claims belonging to the bankruptcy estate. The petition does not allege that the bank-

ruptcy court granted the debtor leave to prosecute, on behalf of the trustee, claims belonging to the bankruptcy estate. *See In re Enron Corp.*, 319 B.R. 128, 2004 WL 3059178 (Bankr.S.D.Tex.2004), citing *Louisiana World Exposition*, 832 F.2d 1391 (5th Cir.1987).

As explained above, the defendants have no obligation to engage in due diligence to determine whether a state court petition reveals a federal question. But, in analyzing issues raised by the defendants, the court may consider its record in the underlying bankruptcy case. On October 16, 2002, the trustee filed an application to employ the Hill Gilstrap law firm as special counsel to litigate the claims of breach of fiduciary duty, usurpation of corporate opportunities and conversion of intellectual property. The law firm would be compensated based on a contingency fee. On January 28, 2003, the bankruptcy court entered an order authorizing the law firm "to represent it [the trustee] as debtor, on the terms stated on the Application, in the case under Chapter 7 of the Bankruptcy Code." Hill Gilstrap then filed the state court petition, naming the debtor as plaintiff, and stating that the firm represented the debtor. The court has not located an order granting the debtor standing to prosecute on behalf of the trustee. Accordingly, the defendants have observed a standing issue to be tested by an appropriate motion. The standing issue does not, however, implicate the timeliness of the notice of removal.

The court could, alternatively, read the defendants' argument to suggest that the initial petition did not allege any basis for federal jurisdiction, let alone affirmatively reveal a federal question. At the hearing on the motion to remand, the parties clarified that they did not differ on the existence of a basis for federal jurisdiction but rather differed on the timeliness of the

removal. The absence of a federal bankruptcy question in the initial petition would have been fatal to a removal. If the ServiceLane.com petition does not contain a basis for federal jurisdiction, an affirmative defense of collateral estoppel of a bankruptcy court order cannot be used to establish a federal question for removal. *State of Arkansas Teacher Retirement System v. Merrill Lynch & Co., Inc. (In re LJM2 Co.–Investment, L.P.)*, 319 B.R. 495 (Bankr.N.D.Tex.2005)(memorandum opinion and order entered January 14, 2005, adv. proc. no. 04–3525, doc. no. 94), applying *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), to removal under 28 U.S.C. § 1334 and 1452. Consequently, if the defendants argue that the bankruptcy court order approving a settlement provides the basis for federal bankruptcy jurisdiction, removal would not be appropriate.

■ If the defendants argue that only upon discovery of the bankruptcy court order did they realize that the petition contained a federal question, then their contention that the court should apply the second paragraph of § 1446(b) follows. The defendants discovered the bankruptcy court order on June 21, 2004. They filed the notice of removal on July 21, 2004. ServiceLane.com responds that the bankruptcy court order does not constitute "an amended pleading, motion, order or other paper" under the second paragraph of § 1446(b). ServiceLane.com argues that it has not filed an amended document to trigger the second paragraph. That argument does not avail ServiceLane.com's position. ServiceLane.com apparently contends that it must have filed an amended pleading to trigger the second paragraph of § 1446(b). ServiceLane.com then argues that the bankruptcy court order does not constitute an amended pleading. If

the defendants were correct that the initial pleading does not affirmatively reveal a federal question and, yet, if Service-Lane.com was correct that the discovery of the court's order did not trigger the second paragraph, then the time to file a notice of removal would still not yet begin to run, since the plaintiff has not filed an amended pleading. That ruling would totally defeat the Fifth Circuit's explanation that § 1446 promotes certainty and judicial efficiency. *Bosky*, 288 F.3d at 210–11. If the initial pleading had not affirmatively revealed the federal question, then the bankruptcy court settlement order would meet the statutory requirement of notice in an order from which the defendants could argue that it first ascertained that the case is or has become removable. The statute requires an amended pleading or a motion or an order or another paper. The discovery of the order would trigger the second paragraph if the first paragraph of § 1446(b) does apply. Since the initial pleading does affirmatively reveal the federal question, the first paragraph of § 1446(b) does apply and the second paragraph of § 1446(b) does not apply.

The defendants also argue that had they removed the petition within thirty days of service, the court would have been obliged to abstain. 28 U.S.C. § 1334(c)(2). Abstention does not inform the court's decision on the timeliness of a notice of removal. The parties argue whether a collateral attack on a bankruptcy court's order raises a core matter. The court does not address that issue to resolve the removal issue. As explained above, an affirmative defense cannot be invoked to establish a federal question for removal if the state court petition does not contain a federal question. The dispositive issue before the court addresses whether the initial pleading affirmatively reveals a basis for federal bankruptcy ju-

risdiction, pursuant to 28 U.S.C. § 1334. Whether the petition presents a core or non-core matter under 28 U.S.C. § 157 does not inform that jurisdictional decision. The court does not render an advisory opinion on whether a proceeding properly before this court involving the issue of a collateral attack on an order of this court raises a core matter. The defendants also argue that they did not realize that the petition involved a core matter until they discovered the court order. Even if the proceeding involved a core matter, the discovery of a basis to assert that position does not inform the court's decision of whether the initial petition affirmatively revealed a federal question. Lastly, the defendants assert that the court should equitably toll the time for removal because of the manner that ServiceLane.com has plead in state court. The court will not apply any doctrine of equitable tolling, as the court has concluded that the defendants may present their issue in a motion to dismiss for lack of standing.

### *Order*

Based on the foregoing,

**IT IS ORDERED** that the motion to remand is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the 192nd Judicial District Court of Dallas County, Texas.