Andrew DOSS, Plaintiff,

v.

ALBERTSON'S LLC and Albertson's, Inc., Defendants.

No. EP–07–CV–162–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

June 14, 2007.

George Paul Andritsos, Attorney at Law, El Paso, TX, for Plaintiff.

Robert E. Valdez, Ray Valdez McChristian & Jeans, San Antonio, TX, George

Paul Andritsos, Attorney at Law, El Paso, TX, for Defendants.

### *ORDER GRANTING PLAINTIFF'S MOTION TO REMAND*

MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Andrew Doss's "Motion to Remand," filed on May 25, 2007; Defendants Albertson's LLC and Albertson's Inc.'s "Response to Plaintiff's Motion to Remand," filed on June 4, 2007; and Plaintiff's "Reply to Defendants' Response to Plaintiff's Motion to Remand," filed on June 5, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion to Remand should be granted for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2007, Plaintiff filed his Original Petition in the 205th Judicial District Court, El Paso County, Texas. Defs.' Notice of Removal, Pl.'s Orig. Pet. In his Original Petition, Plaintiff asserted allegations of discrimination on the basis of age in violation of Texas Labor Code § 21.001 *et seq. Id.,* Pl.'s Orig. Pet. 2–3. Plaintiff sought damages including "back pay and benefits, front pay and benefits, compensatory damages in the past and future, reasonable and necessary attorney's fees, exemplary damages, pre-judgment and post-judgment interest as allowed by law, costs of Court, and other compensatory damages." *Id.,* Pl.'s Orig. Pet. 3. While his Original Petition stated no exact dollar amount, Plaintiff indicated that he sought "an award for all of the above within the jurisdictional limits of this Court." *Id.,* Pl.'s Orig. Pet. 3.

On February 22, 2007, Defendants filed their Original Answer and Special Exceptions, in which they ask that Plaintiff re-

plead his petition and state the maximum amount of damages which he seeks. Defs.' Notice of Removal, Def.'s Orig. Answer and Special Exceptions 2. Plaintiff subsequently served Defendants with discovery responses on March 23, 2007, further explaining the method by which he calculated certain categories of his alleged damages. Pl.'s Mot. to Remand, Pl.'s Resps. to Reqs. for Disclosure.

Plaintiff then filed his First Amended Original Petition on May 1, 2007. Plaintiff's amended petition restates the damages categories listed in his Original Petition, and then specifies that the maximum amount of damages he seeks is $750,000. Defs.' Notice of Removal, Pl.'s First Am. Orig. Pet. 3. Defendants filed their Notice of Removal on May 16, 2007, within thirty days of receipt of Plaintiff's First Amended Original Petition but more than thirty days after receipt of Plaintiff's Original Petition and his discovery responses. *See* Defs.' Notice of Removal. Defendants claim that the Court may exercise jurisdiction over the instant action because the parties are diverse and the amount in controversy exceeds $75,000. *Id.* at 2. Plaintiff filed the instant Motion to Remand on May 25, 2007, asserting that Defendants' removal was untimely and that complete diversity between the parties is lacking.

## II.  LEGAL STANDARD

The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). As such, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* This burden "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Blanchard v. Wal–Mart Stores,*

*Tex., L.P.,* 368 F.Supp.2d 621, 623 (E.D.Tex.2005) (internal quotation omitted). Any doubts as to the propriety of removal jurisdiction should be construed in favor of remand. *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.2000).

The starting point for the analysis of any removal issue is 28 U.S.C. § 1441, which provides the types of actions generally removable from state court to federal court. In addition to demonstrating that the subject matter is properly removable, a defendant must also satisfy certain procedural requirements to remove an action to the federal forum. Most relevant to the instant inquiry is 28 U.S.C. § 1446(b), which requires a defendant to file a notice of removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading" or "[i]f the case stated by the initial pleading is not removable, ... within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## III.  THE TIMELINESS OF DEFENDANTS' REMOVAL

The central issue in this dispute is the point at which Plaintiff's case became removable, thereby triggering the thirty-day time period for removal. Plaintiff contends that the case was removable upon the filing of his Original Petition on January 22, 2007. Pl.'s Mot. to Remand 1. Alternatively, he contends that the case became removable on March 23, 2007, when Plaintiff served Defendants with discovery responses clearly indicating that the amount in controversy exceeded $75,000. *Id.* If Plaintiff is correct on either ground, then Defendants' removal on May 16, 2007 was untimely. Defendants contend that the case first became remova-

ble on May 1, 2007, when Plaintiff filed his First Amended Original Petition, specifically pleading for the first time an amount of damages in excess of $75,000. Defs.' Opp. to Pl.'s Mot. to Remand 2.

### a. Plaintiff's Original Petition

■ Turning first to Plaintiff's Original Petition, the Court notes that the receipt of an initial pleading will trigger the thirty-day time period "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* While an initial pleading that does not specifically request damages in excess of the federal jurisdictional requirement can nevertheless trigger the thirty-day removal clock, *Bosky v. Kroger, Tex., LP*, 288 F.3d 208, 210 (5th Cir.2002) (stating that the Fifth Circuit has held that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal"), the Court finds that Plaintiff's Original Petition did not provide sufficiently specific information so as to affirmatively reveal that Plaintiff was seeking at least $75,000, the amount of damages necessary to establish jurisdiction in a federal court.

In *Villasana v. Bed Bath & Beyond, Inc.*, EP–07–CV–009–PRM, the plaintiff's

original petition alleged that the plaintiff was terminated on the basis of his age and disability, in violation of Texas Labor Code § 21.001 *et seq.* That petition's claims for damages were nearly identical to the language used by Plaintiff in the instant cause.[1] After considering the petition, the Court found that since the petition "contain[ed] no information about his salary or the kinds of promotions allegedly denied him, any estimate as to his potential damages would be based on supposition, not affirmative revelations." *Villasana*, Order Denying Pl.'s Mot. to Remand 3. Given the similar language used in Plaintiff's Original Petition in the instant cause, the Court finds that the petition did not affirmatively reveal that Plaintiff sought damages in excess of the Court's minimum jurisdictional amount. Therefore, the Court is of the opinion that Plaintiff's Original Petition did not trigger the thirty-day time limit for removal set forth in § 1446(b).

### b. Plaintiff's Discovery Responses

■ The Court now turns to the discovery responses served by Plaintiff on Defendants on March 23, 2007, in order to determine if Plaintiff's case became removable at that point. A response to a discovery request may constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable," thus triggering the thirty-day period of removability under § 1446(b). *See Chapman*, 969 F.2d at 164 (interrogatory answer is an "other paper"). *See also Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000) (post-complaint demand letter is an "other pa-

---

1. The plaintiff's original petition in *Villasana* stated that:

The damages caused to Plaintiff by Defendant's conduct include back pay and benefits, front pay and benefits, compensatory damages, reasonable and necessary attorney's fees, exemplary damages, pre-judgment and post-judgment interest as allowed by law, and costs of Court. Plaintiff seeks an award for all of the above in an amount within the jurisdictional limits of this Court.

per"); *S. W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996) (a transcript of deposition testimony is an "other paper"). Therefore, if the responses served on Defendants contained information sufficient to inform Defendants that Plaintiff sought damages in excess of the minimum jurisdictional amount of the Court, then Plaintiff's case was removable at the time Defendant was served with the responses.

■ In response to a question regarding the method by which he calculated his damages, Plaintiff restated the categories of damages which he claimed in his Original Petition. Pl.'s Mot. to Remand, Pl.'s Resps. to Reqs. for Disclosure 3. Plaintiff then elaborated on his method of calculating back pay and front pay, stating that:

Plaintiff would calculate his back pay at a rate of $10.90 per hour for an average of 40 hours per week from the date of termination to the present. Defendants are already in possession of documents that would explain benefits. Plaintiff would calculate his front pay at a rate of $10.90 per hour for an average of 40 hours per week from the date of trial until age 70.

*Id.,* Pl.'s Resps. to Reqs. for Disclosure 3.

Defendants contend that this information was insufficient to apprise them of the extent of Plaintiff's claim. Defendants argue that "Plaintiff's discovery responses simply said the same thing over again, only this time with the addition of Plaintiff's hourly rate. Doss's discovery response is by no means a paradigm of lucidity, and did not make it facially apparent that he was seeking in excess of $75,000.00." Defs.' Opp. to Pl.'s Mot. to Remand 6–7.

Despite Defendants' assertion, the Court is of the opinion that this information clearly indicated to Defendants that Plaintiff sought an amount in excess of $75,000. Plaintiff stated in his Original Petition that he was 55 at the time of his termination. Defs.' Notice of Removal, Pl.'s Orig. Pet. 2. His discovery response thus indicated that his claims for back pay and front pay alone would span a period of over fourteen years. A simple computation would show that this claim was for at least $317,408 in damages.[2] Even setting aside Plaintiff's claims for compensatory damages and benefits, Plaintiff's discovery response made clear to Defendants that Plaintiff sought more than $75,000. In so holding, the Court is not inquiring into what Defendants "may or may not subjectively know," *Chapman,* 969 F.2d at 163, and it is not requiring Defendants to engage in due diligence to determine the extent of Plaintiff's allegations, *Bosky,* 288 F.3d at 210. Instead, the Court relies on an objective reading of Plaintiff's allegations, aided by "a modicum of effort and a couple of simple mental calculations." *Exceleron Software, Inc. v. TGEC Commc'ns Co.,* 2005 WL 3542566, at *3 (N.D.Tex. Dec. 23, 2005). Since the discovery responses indicated that Plaintiff sought damages in excess of the minimum jurisdictional amount of $75,000, the Court is of the opinion that Plaintiff's suit became removable when Defendants were served with the responses on March 23, 2007. Since Defendants' Notice of Removal was filed more than thirty days later, removal was untimely.

## IV. THE EXISTENCE OF DIVERSITY OF CITIZENSHIP

Plaintiff argues as an alternative basis for remand that the Court lacks jurisdiction over this cause because Defendants have failed to show that complete diversity exists between the parties. Pl.'s Mot. to

**2.** $10.90 per hour * 40 hours per week * 52 weeks per year * 14 years = $317.408.

Remand 4. Given the Court's determination that removal was untimely, the Court need not consider this alternative argument.

## V. CONCLUSION

Since Plaintiff's state court case became removable when Plaintiff served Defendants with his discovery responses on March 23, 2007, Defendants' subsequent removal on May 16, 2007, was untimely. Therefore, the Court's exercise of jurisdiction over the instant cause is improper, and Plaintiff's Motion to Remand must be granted.

Accordingly, **IT IS ORDERED** that Plaintiff Andrew Doss's "Motion to Remand" (Docket No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to the 205th Judicial District Court, El Paso County, Texas.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this matter.