**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 03-60899

(Summary Calendar)

————————————

UNITY COMMUNICATIONS INC, a Delaware Corporation,

Plaintiff - Appellant,

versus

UNITY COMMUNICATIONS OF COLORADO LLC, Etc; ET AL,

Defendants,

UNITY COMMUNICATIONS OF COLORADO LLC, a Colorado Limited Liability Company;
JAMES A NASH; RICHARD M SHERWIN

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 3:01-CV-41

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Unity Communications, Inc. ("Unity Inc.") appeals from the district court's dismissal of its complaint to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, of its dispute with Unity Communications of Colorado, LLC ("Unity Colorado") and certain members of Unity Colorado. The Federal Arbitration Act does not provide an independent source of federal jurisdiction, and an independent basis for jurisdiction must exist before a federal court may assume jurisdiction. *See Moses H. Cone. Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983). Unity Inc. alleges that federal jurisdiction is proper under 28 U.S.C. § 1332 because the parties to its complaint are diverse. The district court found that the issue of diversity was controlled by the doctrine of res judicata, and that the parties were not completely diverse. The district court then dismissed the complaint for lack of subject matter jurisdiction and imposed sanctions under FED. R. CIV. P. 11 against Unity Inc. and its attorney. We review res judicata determination and dismissals for lack of subject matter jurisdiction *de novo. Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *Schmueser v. Burkburnett Bank*, 937 F.2d 1025, 1031 (5th Cir.1991).

Unity Colorado previously filed a complaint against Unity Inc. in the Federal District Court for the District of Colorado (the "Colorado court"). The Colorado court held that a limited liability company, for purposes of a diversity analysis, takes on the citizenship of its members.[1] The Colorado court dismissed for lack of subject matter jurisdiction because it found that Unity Inc. was a member

---

[*] Pursuant to 5th Cir. R. 47.5, the court has det ermined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] We express no opinion about whether or not the district court's holding regarding the citizenship of limited liability companies is the proper interpretation of the law.

of Unity Colorado and that the parties consequently lacked diversity. Unity Inc. filed a motion to amend the judgment of the Colorado court, arguing that the Colorado court made a factual error when it found that Unity Inc. was a member of Unity Colorado. The Colorado court denied this motion.

It is well established that there are four requirements in federal court that must be met for a prior judgment to bar a subsequent action as res judicata: "1) the parties must be identical in both actions, 2) the prior judgment must have been rendered by a court of competent jurisdiction, 3) the same cause of action must be involved in both cases, and 4) the prior judgment must have been a final judgment on the merits." *Steve D. Thompson Trucking Inc. v. Dorsey Trailers*, 870 F.2d 1044, 1045 (5th Cir. 1989). The district court in this case properly found that the first three factors are present in the Colorado court's diversity determination.

Unity Inc. argues that the Colorado ruling was not a "final judgment on the merits" because the Colorado court's order dismissed the case for lack of subject matter jurisdiction. FED. R. CIV. P. 41(b). Although a dismissal for lack of jurisdiction is not a ruling on the merits of the claim, "[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations) ) both subject matter and personal." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *see also Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit[s] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims."). Thus, the Colorado court's jurisdictional ruling is properly the subject of a res judicata determination.

Unity Inc. raises two other claims on appeal to challenge the res judicata consequences of the Colorado court's order. First, Unity Inc. argues that the Colorado court made a factual error when it found that Unity Inc. is a member of Unity Colorado. Second, Unity Inc. argues that the Colorado court's order was based upon an incorrect understanding of the law regarding the citizenship of limited liability companies. Neither of these arguments overcome the res judicata consequences of the Colorado court's order. Even if the Colorado court's order was based upon a factual or legal error, that error should be raised on direct review of that order and not by challenging its res judicata consequences. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Finally, the parties appeal the district court's award of sanctions against Unity Inc. and its attorney. This is not a final order subject to appellate review because the district court has not yet reduced that sanctions award to a sum certain. *See Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993).

The district court's order dismissing this case for lack of subject matter jurisdiction is AFFIRMED. The appeal of the district court's award of sanctions is DISMISSED for lack of appellate jurisdiction.