Esther O'Dell BLANCHARD, Plaintiff,

v.

WAL–MART STORES TEXAS, LP, d/b/a Wal–Mart Store # 214, Defendant.

No. CIV.A. 1:04CV765.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 22, 2005.

Blair Allan Bisbey, of Seale, Stover & Bisbey, Jasper, TX, for Plaintiff.

Karen Lee Spivey of Pate & Spivey, L.L.P., Beaumont, TX, for Defendant.

## MEMORANDUM AND ORDER

CRONE, District Judge.

Pending before the court is Plaintiff Esther O'Dell Blanchard's ("Blanchard") Motion to Remand (# 7). Blanchard seeks remand to state court of her action against Defendant Wal–Mart Stores Texas, LP, d/b/a Wal–Mart Store # 214 ("Wal–Mart Texas, LP"), claiming that there is a lack of diversity of citizenship between the parties, thereby depriving this court of sub-ject matter jurisdiction. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

## I. Background

On November 17, 2004, Blanchard filed her original petition styled *Esther O'Dell Blanchard v. Wal–Mart Stores, LP, d/b/a Wal–Mart Stores # 214,* No. 26068, in the First Judicial District Court of Jasper County, Texas, asserting claims for negligence and premises liability. It is undisputed that Plaintiff Blanchard is a citizen and resident of Jasper County, Texas. Defendant Wal–Mart Texas, LP, is a limited partnership. Its general partner is Wal–Mart Stores East, LP ("Wal–Mart East, LP"), a limited partnership, and its limited partner is Wal–Mart Rio Grande Investment, LLC ("Wal–Mart Rio Grande"), a limited liability company.

In her state court petition, Blanchard alleges that on December 30, 2003, while shopping at Defendant's store in Jasper, Texas, she was "injured when her right foot caught on a piece of metal sticking up at the threshold of the main entrance to the store, causing her to trip and fall forward, striking her head on the floor." She claims that the metal protruding from the entrance door's threshold created a dangerous condition and an unreasonable risk of harm. According to Blanchard, Defendant's employees knew or reasonably should have known of the danger, but they did not exercise ordinary care to protect her from the danger by adequately warning her or making the condition reasonably safe. Blanchard seeks damages for alleged physical pain, mental anguish, disfigurement, physical impairment, lost earnings and earning capacity, reasonable and necessary medical care, as well as court

costs, and pre-judgment and post-judgment interest.

On December 9, 2004, Wal–Mart Texas, LP, removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists between the parties and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. On December 21, 2004, Blanchard filed a motion to remand the case to state court, contending that Defendant "has not met its burden of proving that there is complete diversity of citizenship of all plaintiffs and defendants."

## II. *Analysis*

### A. *Federal Jurisdiction in Removed Actions*

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of Comptroller of the Currency of United States,* 362 F.3d 333, 336 (5th Cir.2004); *accord Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001); *Murphy v. Uncle Ben's, Inc.,* 168 F.3d 734, 741 (5th Cir.1999). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921–22 (5th Cir.1997); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995); *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp.-Chem. Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441); *see Aetna Health Inc. v. Davila,* 542 U.S. 200, ——, 124 S.Ct. 2488, 2494, 159 L.Ed.2d 312 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank,* 128 F.3d at 922; *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes must be strictly and narrowly construed, with any doubt construed against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir.2002); *Beiser v. Weyler,* 284 F.3d 665, 674 (5th Cir. 2002); *Manguno,* 276 F.3d at 723; *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000); *Frank,* 128 F.3d at 922.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332; *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, ——, 124 S.Ct. 1920,

1923 n. 1, 158 L.Ed.2d 866 (2004); *Howery,* 243 F.3d at 914–15; *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1330 (5th Cir.1995). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the time of removal. *See Manguno,* 276 F.3d at 723; *Howery,* 243 F.3d at 916; *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000); *Texas Beef Group v. Winfrey,* 201 F.3d 680, 686 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995). In cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Caterpillar Inc.,* 519 U.S. at 68, 117 S.Ct. 467; *Heritage Bank v. Redcom Lab., Inc.,* 250 F.3d 319, 322 (5th Cir.), *cert. denied,* 534 U.S. 997, 122 S.Ct. 468, 151 L.Ed.2d 384 (2001); *Gebbia,* 233 F.3d at 882. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Caterpillar Inc.,* 519 U.S. at 68, 117 S.Ct. 467; *Heritage Bank,* 250 F.3d at 323; *Howery,* 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b).

In order to determine the citizenship of a limited partnership, the court must ascertain the citizenship of both its general and limited partners. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *see also Grupo Dataflux,* 124 S.Ct. at 1929; *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 856 n. 3 (5th Cir.2003), *cert. denied,* 541 U.S. 1073, 124 S.Ct. 2421, 158 L.Ed.2d 983 (2004); *Bankston v. Burch,* 27 F.3d 164, 166 (5th Cir.1994); *Newport Ltd. v. Sears, Roebuck & Co.,* 941 F.2d 302, 304 (5th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992). For purposes of determining diversity jurisdiction of an artificial entity, such as a limited partnership, the court "adhere[s] to [the] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" *Carden,* 494 U.S. at 195, 110 S.Ct. 1015 (quoting *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 32 L.Ed. 800 (1889)).

The United States Court of Appeals for the Fifth Circuit has declined to express an opinion as to the manner in which the citizenship of a limited liability company is determined for diversity purposes. *See Unity Communications Inc. v. Unity Communications of Colo. LLC,* 105 Fed. Appx. 546, 547 n. 1, 2004 WL 1576550 (5th Cir.2004). The Fifth Circuit has, however, treated other unincorporated entities, for diversity purposes, in the same manner as a limited partnership and looked to the membership of all its members. *See Royal Ins. Co. of Am. v. Quinn–L Capital Corp.,* 3 F.3d 877, 882 (5th Cir.1993), *cert. denied,* 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (holding "an unincorporated association is considered to have the citizenship of its members"); *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n,* 946 F.2d 390, 394 (5th Cir.1991) (finding "in light of *Carden,* [defendant, an unincorporated association,] has the citizenship for diversity purposes of each of its constituent member insurers"); *Hummel v. Townsend,* 883 F.2d 367, 369 (5th Cir. 1989) (noting the "well-settled principle that an unincorporated association is deemed a citizen of every state in which its members reside").

A number of federal appellate courts have examined this question and found that the citizenship of a limited liability

company, for purposes of diversity, is determined in the same manner as a limited partnership, by considering the citizenship of all its members. *See Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n. 1 (7th Cir.2004); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir.2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir.2004); *Provident Energy Assocs. of Mont. v. Burllington*, 77 Fed.Appx. 427, 428, 2003 WL 22301792 (9th Cir.2003); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732, 2002 WL 31780184 (6th Cir.2002); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000). Furthermore, several district courts within the Fifth Circuit have determined the citizenship of a limited liability company by looking to the citizenship of its members. *See, e.g., Peters v. Milton Hall Surgical Assocs., L.L.C.*, No. Civ. A. 03–1254, 2003 WL 21730606, at *2 (E.D.La. July 24, 2003); *Parrish of Jefferson v. Cox Communications La., LLC*, No. Civ. A. 02–3344, 2003 WL 21459701, at *3 (E.D.La. June 20, 2003); *DTC Telecom, L.L.C. v. ISP Technologies, Inc.*, No. Civ. A. 3:02–CV–1329, 2002 WL 31553932, at *1 n. 1 (N.D.Tex. Nov. 15, 2002).

In the case at bar, the parties do not dispute that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Blanchard contends, however, that Wal–Mart Texas, LP, has not met its burden of proving that there is complete diversity of citizenship between all the parties. Specifically, Blanchard claims that in order to determine the citizenship of Defendant, a limited partnership, the court must consider the citizenship of its general and limited partners as well as the citizenship of the constituent entities of those partners. *See*

*Carden*, 494 U.S. at 195, 110 S.Ct. 1015. In contrast, Wal–Mart Texas, LP, takes the position that once it establishes that its general partner, Wal–Mart East, LP, and its limited partner, Wal–Mart Rio Grande, are not citizens of Texas, the analysis for purposes of diversity should end. Blanchard counters that *Carden* stands for the proposition that because Wal–Mart East, LP, the general partner of Wal–Mart Texas, LP, is also a limited partnership, the court must determine the citizenship of its general and limited partners. *See Carden*, 494 U.S. at 195, 110 S.Ct. 1015. Moreover, Blanchard argues that because Wal–Mart Rio Grande, the limited partner of Wal–Mart Texas, LP, is a limited liability company, the court must ascertain the citizenship of each of its members. The law in the Fifth Circuit on this issue is unclear. Without regard, however, as to whether the court considers only the citizenship of the general and limited partners of Wal–Mart Texas, LP, or goes further and determines the citizenship of the general and limited partners of Wal–Mart East, LP, as well as the members of Wal–Mart Rio Grande, the conclusion is the same—complete diversity exists between the parties.

In the case at bar, Defendant has submitted a series of documents demonstrating that its general and limited partners are not citizens of Texas. The record reflects that Wal–Mart Texas, LP, has undergone several corporate changes since 2002. In 2002, Wal–Mart Stores East, Inc. ("Wal–Mart East, Inc."), which is incorporated in Arkansas, with its principal place of business in Bentonville, Arkansas, owned a 99% limited partnership interest and a 0.5% general partnership interest in Wal–Mart Texas, LP. Additionally, in 2002, Wal–Mart Texas Investment, LLC ("Wal–Mart Investment"), owned a 0.5% limited partnership interest in Wal–Mart Texas, LP. On January 31, 2002, Wal–Mart East, Inc., contributed its 0.5% general partner-

ship interest in Wal–Mart Texas, LP, to Wal–Mart East, LP. On the same date, but through a separate agreement, Wal–Mart East, Inc., contributed its 99% limited partnership interest in Wal–Mart Texas, LP, to Wal–Mart Investment. After these transactions, Wal–Mart Investment owned a 99.5% limited partnership interest and Wal–Mart East, LP, held a 0.5% general partnership interest in Wal–Mart Texas, LP.

On December 26, 2002, Wal–Mart Investment merged with Wal–Mart Trinity Investment, LLC ("Wal–Mart Trinity"), a limited liability company organized under the laws of Delaware. In the merger, Wal–Mart Trinity assumed Wal–Mart Investment's 99.5% limited partnership interest in Wal–Mart Texas, LP. Then, on December 31, 2002, Wal–Mart Trinity transferred the entirety of its 99.5% limited partnership interest in Wal–Mart Texas, LP, to Wal–Mart Rio Grande.

■ Currently and at the time of the events giving rise to Blanchard's claim, Wal–Mart East, LP, owned a 0.5% general partnership interest, and Wal–Mart Rio Grande owned a 99.5% limited partnership interest in Wal–Mart Texas, LP. Hence, in order to determine the citizenship of Defendant, the court will look to the citizenship of Wal–Mart East, LP, and Wal–Mart Rio Grande. *See Carden,* 494 U.S. at 195, 110 S.Ct. 1015.

The general partner of Wal–Mart East, LP, is WSE Management, LLC ("WSE Management"). Defendant submitted the Amended and Restated Certificate of Limited Partnership of Wal–Mart East, LP, which provides:

WAL–MART STORES EAST, LP, [is] a limited partnership organized under the Delaware Revised Uniform Limited Partnership Act ... [and] hereby certifies that effective February 1, 2002, its Certificate of Limited Partnership is amended and restated to read in its entirety as follows:

1. The name of the limited partnership is WAL–MART STORES EAST, LP.

2. The address of the registered office of the limited partnership in Delaware is 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The limited partnership's registered agent at that Address is Corporation Service Company.

3. The names and addresses of the general partners are as follows:
   NAME: WSE MANAGEMENT, LLC
   ADDRESS: 702 SW 8th Street,
   Bentonville, AR, 72716-0555.

Additionally, Defendant submitted an Addendum to Agreement of Limited Partnership of Wal–Mart East, LP, which indicates that its limited partner is WSE Investment, LLC ("WSE Investment"). Accordingly, in order to establish the citizenship of Wal–Mart East, LP, the court will look to the citizenship of WSE Management and WSE Investment.

Due to the lack of a definitive statement from the Fifth Circuit on the proper method to ascertain the citizenship of a limited liability company, the court will utilize alternative methods of analysis. The court will determine the citizenship of each member of the limited liability companies involved in this matter. Alternatively, the court will treat the limited liability companies as corporations for diversity purposes and ascertain their states of organization and their principal places of business. *See* 28 U.S.C. § 1332(c); *Howery,* 243 F.3d at 920 (holding that a corporation "is a citizen of two states: its state of incorporation, and the state of its principal place of business"). In this situation, under either rubric the court employs, the result is the same—the parties are completely diverse.

■ In an attempt to establish that diversity exists with regard to the general and limited partners of Wal–Mart East, LP, Defendant submitted the affidavit of Christopher I. Wood ("Wood"), the Assistant Board of Directors' Liaison for Wal–Mart Stores, Inc., and a member of the Corporate Governance Section of the Corporate Division of the Legal Department of Wal–Mart Stores, Inc. In his affidavit, Wood states that WSE Management's sole member is Wal–Mart East, Inc., an Arkansas corporation. Further, WSE Management's principal place of business is located in Bentonville, Arkansas. Additionally, Wood explains that WSE Investment's sole member is Wal–Mart East, Inc., and its principal place of business is in Bentonville, Arkansas. Accordingly, neither WSE Management, the general partner of Wal–Mart East, LP, nor its limited partner, WSE Investment, is a citizen of Texas. Hence, Wal–Mart East, LP, likewise, is not a Texas citizen. *See Carden,* 494 U.S. at 195, 110 S.Ct. 1015.

Defendant also proffered the Limited Liability Company Agreement of Wal–Mart Rio Grande ("the Agreement") to demonstrate that it is not a citizen of Texas. According to the Agreement, Wal–Mart Rio Grande's sole member is Wal–Mart East, LP. The Agreement states in relevant part:

1.1 *Formation.* The Sole Member [Wal–Mart East, LP] hereby agrees to form the Company [Wal–Mart Rio Grande] as a Delaware limited liability company under and pursuant to the Delaware Act and agrees that except as expressly provided and permitted herein to the contrary, the rights and obligations of the Sole Member [Wal–Mart East, LP] and the administration and termination of the Company [Wal–Mart Rio Grande] shall be governed by the Delaware Act.

1.3 *Registered Office and Principal Office of Company.* The Company [Wal–Mart Rio Grande] shall maintain a registered office and a designated and duly qualified agent for service of process on the Company [Wal–Mart Rio Grande] in the State of Delaware. The Company [Wal–Mart Rio Grande] may maintain offices at such locations as the Manager deems advisable.

3.2 *Sole Member.* The Sole Member of the Company [Wal–Mart Rio Grande] is Wal–Mart Stores East, L.P., a Delaware limited partnership, which has, ... the entire Membership Interest and the entire Capital Account balance of the Company [Wal–Mart Rio Grande] as shown on *Exhibit "A"* of this Agreement.

As discussed above, Wal–Mart East, LP, for diversity purposes, is not a citizen of Texas. In addition, Wood indicates:

11. The principal place of business of Wal–Mart Stores, Inc., WSEI [Wal–Mart Stores East, Inc.] Delaware, WSEI [Wal–Mart Stores East, Inc.] Arkansas, WSE Management, LLC, WSE Investment, LLC, Wal–Mart Stores East, LP, WTI [Wal–Mart Investment], WST [Wal–Mart Stores Texas, LP], Wal–Mart Trinity Investment, LLC, and [Wal–Mart] Rio Grande are the same as their mailing addresses located at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

12. The majority of the executive level, supervisory, and business operations decisions for WSEI [Wal–Mart Stores East, Inc.] Delaware, [Wal–Mart Stores East, Inc.] Arkansas, WSE Management, LLC, WSE Investment, LLC, WTI [Wal–Mart Investment], WST

[Wal–Mart Stores Texas, LP], Wal–Mart Trinity Investment, LLC, and [Wal–Mart] Rio Grande, LLC, are made at the above address, which is the corporate headquarters for those entities.

Thus, according to Wood's affidavit and the corporate documentation submitted by Defendant, all of the entities involved in this case that are affiliated with Defendant, including Wal–Mart Rio Grande, maintain their principal places of business at the Wal–Mart headquarters in Bentonville, Arkansas. Therefore, for diversity purposes, Wal–Mart Rio Grande is not a citizen of Texas.

In sum, Defendant's general partner, Wal–Mart East, LP, and its limited partner, Wal–Mart Rio Grande, are not citizens of Texas. Moreover, the general and limited partners of Wal–Mart East, LP, and the sole member of Wal–Mart Rio Grande are not citizens of Texas. Accordingly, under any mode of analysis, the parties in this case are diverse. Consequently, this court may exercise jurisdiction over this matter, and the removal effected by Wal–Mart Texas, LP, must stand.

### III. *Conclusion*

An evaluation of the relevant facts and controlling law reveals that this court has subject matter jurisdiction over this action. Although no federal question is presented, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00. Therefore, this case was properly removed, and remand is not warranted.

Accordingly, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.