**Jose VILLASANA, Plaintiff,**

v.

**BED BATH & BEYOND, INC., Defendant.**

**No. EP–07–CV–009–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Feb. 26, 2007.

George Paul Andritsos, Attorney at Law, El Paso, TX, for Plaintiff.

Donna K. McElroy, Cox Smith Matthews Incorporated, San Antonio, TX, Rosemary M. Marin, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, PC, El Paso, TX, for Defendant.

Kelly Majors Anderson, Cox Smith Matthews Incorporated, San Antonio, TX.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Jose Villasana's "Motion to Remand," filed on January 29, 2007; Defendant Bed Bath & Beyond, Inc.'s "Response to Plaintiff's Motion to Remand," filed on February 9, 2007; and Plaintiff's "Reply to Defendant's Response to Motion to Remand," filed on February 13, 2007, in the above-captioned cause. After careful consideration, the Court is of the opinion that Plaintiff's Motion to Remand should be denied for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing his "Original Petition" in the 210th District Court of El Paso County on October 6, 2006. Def.'s Notice of Removal, Pl.'s Orig. Pet. In his Original Petition, Plaintiff asserts allegations of discrimination on the basis of age and disability in violation of the Texas Labor Code, *id.*, Pl.'s Orig. Pet. ¶ 5, and seeks an award "within the jurisdictional limits of this Court," including "back pay and benefits, front pay and benefits, compensatory damages, reasonable and necessary attorney's fees, [and] exemplary damages," *id.*, Pl.'s Orig. Pet. ¶ 6. Defendant filed an answer in state court on November 13, 2006 ("Original Answer"). *Id.*, Def.'s Orig. Answer. On December 12, 2006, Plaintiff filed his "First Amended Original Petition" ("Amended Petition"). *Id.*, Pl.'s First Am. Pet. In his Amended Petition, Plaintiff specifies that the maximum amount of damages he seeks is $750,000. *Id.*, Pl.'s First Am. Pet. ¶ 6.

Defendant filed its Notice of Removal on January 8, 2007, within thirty days of receipt of Plaintiff's Amended Petition. *Id.*

¶ 1. Defendant claims that the Court may exercise jurisdiction over the instant action because the parties are diverse and the amount in controversy exceeds $75,000. *Id.* ¶ 2. Plaintiff filed the instant Motion to Remand on January 29, 2007, asserting that Defendant's removal was untimely because it occurred more than thirty days after the execution of service of Plaintiff's Original Petition.

### II. LEGAL STANDARD

The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). As such, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* This burden "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Blanchard v. Wal–Mart Stores, Tex., LP*, 368 F.Supp.2d 621, 623 (E.D.Tex. 2005) (internal quotation omitted). Any doubts as to the propriety of removal jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

The starting point for the analysis of any removal issue is 28 U.S.C. § 1441, which provides the types of actions generally removable from state court to federal district court. 28 U.S.C. § 1441. In addition to demonstrating that the subject matter is properly removable, a defendant must also satisfy certain procedural requirements to remove an action to the federal forum. Most relevant to the instant inquiry is 28 U.S.C. § 1446(b) (" § 1446(b)"), which requires a defendant to file a notice of removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading" or "[i]f the case stated by the initial pleading is not

removable, ... within thirty days after receipt by the defendant ... of a copy of an amended pleading ... from which it may first be ascertained that the case is one which is ... removable." 28 U.S.C. § 1446(b).

## III. ANALYSIS

 The central issue to this dispute is whether Plaintiff's Original Petition was removable, thereby triggering the thirty-day time period for removal. The receipt of the initial pleading will trigger the thirty day-time period "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). When the initial pleading is indeterminate as to the amount in controversy, a defendant is not required to exercise due diligence to determine whether federal diversity jurisdiction exists. *Id.* at 162. Therefore, the question presented is simply whether Plaintiff's request for "back pay and benefits, front pay and benefits, compensatory damages, reasonable and necessary attorney's fees, [and] exemplary damages" constitutes an affirmative revelation that the amount in controversy exceeds the minimum federal jurisdictional requirement. Def.'s Notice of Removal, Pl.'s Orig. Pet. ¶ 5.

 An initial pleading that does not specifically request damages in excess of the federal jurisdictional requirement can nevertheless trigger the thirty-day removal clock. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir.2002) (stating that the Fifth Circuit has held that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal").

However, the Court believes that Plaintiff's Original Petition is not such a pleading. Since Plaintiff's Original Petition contains no information about his salary or the kinds of promotions allegedly denied him, any estimate as to his potential damages would be based on supposition, not affirmative revelations. *Cf. Exceleron Software, Inc. v. TGEC Commc'ns Co.*, No. Civ. A. 3:05–CV–2007–L, 2005 WL 3542566, at *3 (N.D.Tex. Dec.23, 2005) (holding that an initial pleading triggered the thirty-day time limit for removal under § 1446(b) because it "sets forth on its face express allegations as to the monetary amount of damages").

To demonstrate that his Original Petition affirmatively establishes that the amount in controversy exceeds $75,000, Plaintiff relies on the Texas statutory cap on compensatory and punitive damages of $300,000 for a defendant with more than 500 employees. Pl.'s Mot. to Remand 6. Defendant asserted various statutory caps in its Original Answer, presumably because of the possibility that the unspecified amount in controversy could exceed $300,000. Def.'s Notice of Removal, Def.'s Orig. Answer ¶ 4. Plaintiff correctly argues that "[t]he question of the amount in controversy does not turn on the probability or improbability of recovery." Pl.'s Reply 5. However, the issue is not whether Plaintiff is likely to *recover* more than the federal jurisdictional amount, but whether the unspecified total amount *sought* by Plaintiff likely exceeds the federal jurisdictional amount. *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir.2002) ("[W]hen determining the amount in controversy for diversity purposes, ... the question ... is whether the complaint, fairly read, states a claim exceeding $75,000."). If Defendant had removed the instant cause upon receipt of Plaintiff's Original Petition, relying solely on the assertions therein, it is not at all clear that Defendant could have proved

that the total claim was more likely than not to exceed $75,000. Therefore, the Court concludes that Plaintiff's Original Petition does not affirmatively reveal that the amount in controversy exceeds the federal jurisdictional minimum, despite the existence of statutory caps on the kinds of damages claimed by Plaintiff in excess of the required amount for federal jurisdiction.

Because Plaintiff's Original Petition does not contain "a specific allegation that damages are in excess of the federal jurisdictional amount," the Court finds that Plaintiff's Original Petition did not start the thirty-day time limit for removal set forth in § 1446(b). *Chapman,* 969 F.2d at 163. Furthermore, Defendant timely removed the instant cause upon receipt of Plaintiff's Amended Petition, which unequivocally asserts that the amount in controversy exceeds the federal jurisdictional requirement. *See Bosky,* 288 F.3d at 212 (holding that "the information supporting removal in a copy of an amended pleading ... must be unequivocally clear and certain to start the time limit running for a notice of removal" (internal quotation omitted)). Therefore, the Court's exercise of jurisdiction over the instant cause is proper, and Plaintiff's Motion to Remand must be denied.

## IV. CONCLUSION

Since Plaintiff's Original Petition did not affirmatively reveal that the amount in controversy exceeded $75,000, the receipt of Plaintiff's Amended Petition triggered the thirty-day removal clock of § 1446(b). Defendant timely removed the above-captioned cause, the parties are diverse, and the amount in controversy requirement is satisfied. Therefore, the Court concludes that Plaintiff's Motion to Remand should be denied.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (Docket No. 5) is **DENIED.**